Wheeler, J.
The second section of the act of limitations (Hart. Dig., art. 2378) expressly recognizes the right to revive a judgment b y scire facias, or an ■action of debt, where execution has not issued within twelve months from the rendition of judgment. The present is substantially an aetipn of debt, brought ■on the judgment, in the language of the statute, “to revive” it. In effect", it is not materially different from'a scire facias brought to revive a judgment. In an action of debt the judgment for the plaintiff is, that he recover his debt, &c. In a scire facias, it is simply that he have execution.
In an action on a judgment no defense can be admitted which existed prior to the judgment. It is a maxim in the law that there can be no averment in pleading against the validity of a record, though there may be against its ■operation; therefore no matter of defense can be pleaded which existed anterior to the recovery of the judgment. (1 Chit. Pl., 521; 5 Serg. & R., 65; 8 Johns. R., 77; 12 Mass. R., 268; 13 Id., 443.) In an action on a judgment, therefore, whether by scire facias or debt to revive it, it is not necessary for the plaintiff to bring before the court the proceedings in the suit. (2 Bibb R., 331; McFadden v. Lockhart, 7 Tex. R., 573.) Although the judgment may be erroneous, debt lies until it lias been reversed. (1 Chitt. Pl., 126 ) But if the judgment be void the defendant may plead the matters which show its nullity, and for that purpose he may bring before the court the proceedings anterior to its rendition. (Griswold v. Stewart, 4 Cow., 457; McFadden v. Lockhart, 7 Tex. R., 573.)
The judgment, given in evidence, appears to have been regular and legal. The defendant having answered, the parties were at issue, and had submitted the matters in controversy for adjudication. The subject-matter appeal’s to have been within the jurisdiction of the court, and judgment final to have, been a’endcred upon the merits. The judgment was not'suspended bj' the continuance of the motion for a new trial, for the reason that the court had no authority to continue the motion. (Hart. Dig., art. 7GC.) The order for that purpose was against law and void. The motion was, by operation of law, discharged upon the adjournment of the court. (McKeen v. Ziller, ante, 58.)
We are of opinion that, upon the evidence, the plaintiff was entitled to judgment, and, consequently, that the judgment for the defendant is erroneous and must be reversed, and such judgment be here rendered as the court below ought to have rendered.
Reversed and reformed.