**In re L.A.M. & ASSOCIATES, Relator.**

**No. 04–97–00896–CV.**

Court of Appeals of Texas, San Antonio.

May 6, 1998.

Curtis L. Cukjati, Cacheaux, Cavazos, Newton, Martin & Cukjati, LLP, San Antonio, Royal B. Lea, III, Benjamin R. Bingham, Bingham & Lea, P.C., San Antonio, for Appellant.

Marion T. Carson, Poteet, William E. Livingstone, III, Dallas, for Appellee.

Before RICKHOFF, GREEN and DUNCAN, JJ.

## OPINION

DUNCAN, Justice.

L.A.M. and Associates seeks a writ of mandamus to compel Judge Martha Tanner to vacate a sanctions order she rendered against L.A.M. on the oral motion of the attorney for Christopher Kopecky, M.D. We conditionally issue the writ.

### FACTUAL AND PROCEDURAL SUMMARY

L.A.M. owns and is attempting to collect an October 1992 judgment against Kopecky. L.A.M. therefore filed applications for writs of garnishment directed to five financial institutions in which it believed Kopecky maintained financial accounts, and it filed an ap-

plication for an order requiring Kopecky to turn over his interest in these funds and "all other non-exempt personal property." L.A.M. set its application for a turnover order for a hearing before Judge Martha Tanner.

At the hearing, Kopecky testified he had only one bank account, and it was at Guaranty Federal Bank, F.S.B.—which was not one of the five financial institutions named in L.A.M.'s turnover and garnishment applications. Therefore, one of L.A.M.'s attorneys left the hearing and immediately prepared and filed an amended application for a writ of garnishment to freeze the funds in Kopecky's account at Guaranty Federal. A writ of garnishment was subsequently issued, executed on Guaranty Federal, and served on Kopecky, as required by Rules 662 and 663 of the Texas Rules of Civil Procedure.

At the subsequent hearing on Kopecky's motion to enter his proposed turnover order, his attorney orally moved for sanctions against L.A.M. because its attorneys had not notified him or Judge Tanner that they had amended L.A.M.'s garnishment application to include Guaranty Federal. L.A.M. objected to proceeding on this oral motion in the absence of proper notice, but Judge Tanner overruled the objection and granted Kopecky's motion, sanctioning L.A.M. by "denying" the already-issued writ of garnishment, discharging Guaranty Federal from all liability to L.A.M., and ordering Guaranty Federal to turn over the funds in Kopecky's account to Kopecky.

## REQUIREMENTS FOR GRANTING A WRIT OF MANDAMUS

■ A writ of mandamus may issue to correct a trial court's "clear abuse of discretion" for which the remedy by appeal is inadequate. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). This standard is satisfied when the trial court "effectively deprive[s] [the relator] of its fundamental due process right to notice...." *Union Carbide Corp. v. Moye,* 798 S.W.2d 792, 793 (Tex. 1990).

## ABUSE OF DISCRETION

■ Rule 21, TEX.R. CIV. P., does not expressly require service of documents "presented during a hearing or trial." However, "[t]he imposition of very severe sanctions is limited ... by constitutional due process." *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 917 (Tex.1991). A motion for sanctions thus requires "notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." *Peralta v. Heights Med. Ctr., Inc.,* 485 U.S. 80, 84, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988); *see, e.g.,* TEX.R. CIV. P. 13, 21b; TEX.R.APP. P. 45; TEX. CIV. PRAC. & REM.CODE §§ 9.012(a), 10.003 (Vernon Supp.1998).

Kopecky argues notice was not required in these circumstances, however, because L.A.M.'s amended application was improperly filed under the same cause number as the pending application for turnover relief. In Kopecky's view, L.A.M.'s amended garnishment application was filed "during the trial on the merits" of the turnover application, and it improperly "(a) joined a new party to [the turnover proceeding], (b) *without* motion or notice to the trial court and, (c) *without* notice to opposing counsel" in violation of Rule 63, TEX.R. CIV. P., and his right to a final judgment disposing of all issues and parties in the turnover proceeding. We disagree for two reasons.

■ In the first instance, Kopecky's argument confuses the principal issue involved in this mandamus proceeding. Each of Kopecky's arguments addresses the merits of Judge Tanner's sanctions order, but the merits of the order are only an incidental basis of L.A.M.'s petition. L.A.M's overarching complaint is that Judge Tanner ruled on Kopecky's oral sanctions motion at all, in light of the undisputed absence of proper notice to L.A.M. To this extent, the merits of the order, whatever they may be, are immaterial; they cannot and do not justify the denial of L.A.M.'s fundamental right to meaningful notice. We therefore hold that Judge Tanner abused her discretion in overruling L.A.M.'s objection to the lack of proper notice, regardless of the merits of Kopecky's motion.

■ Kopecky is also wrong on the merits. L.A.M. was not required to give Judge Tanner notice that it had amended its garnishment application, and it was not required to give Kopecky any more or different notice than it did. The last clause of Rule 63 governs the filing of amended "pleadings, responses or pleas." [2] A pleading is an original or amended petition or answer, which may also include or constitute a response, plea, or motion. *See* TEX.R. CIV. P. 45(a); *see generally* TEX.R. CIV. P. 78–82 ("Pleadings of Plaintiff"); 83–98 ("Pleadings of Defendant"). A "pleading" is thus a vehicle for alleging a cause of action or a ground of defense. TEX.R. CIV. P. 45(b). Accordingly, a "pleading" must be distinguished from an "application" requesting relief in an "ancillary proceeding." *See* TEX.R. CIV. P. 21 (providing for service of a "pleading, plea, motion or application"); TEX.R. CIV. P. 592–734 ("Rules Relating to Ancillary Proceedings"). Unlike a pleading, an application for ancillary relief does not allege a cause of action or defense. Like its name implies, an application of this nature seeks relief ancillary to the underlying suit. For instance, postjudgment writs of garnishment and turnover orders are used to enforce existing judgments by freezing and ultimately obtaining possession of enough of the judgment debtor's non-exempt property to satisfy the judgment. *See generally* TEX.R. CIV. P. 657–679 (garnishment); TEX. CIV. PRAC. & REM.CODE ANN. § 31.002 (Vernon 1997) (turnover orders).

In light of these essential differences between a "pleading" and an "application," we seriously doubt Rule 63 applies in the postjudgment context. But even if the rule were applicable in an abstract sense, it would not apply here. Contrary to the central premise of Kopecky's arguments, L.A.M.'s amended garnishment application did not amend its turnover order application. This is self evident from the face of the amended garnishment application, which did not purport to amend the turnover order application, did not seek turnover relief against Guaranty

Federal, and did not add Guaranty Federal as a new party to the turnover proceeding. The turnover proceeding thus remained a dispute solely between L.A.M. and Kopecky.

■ For the same reason, Kopecky is incorrect in assuming L.A.M. was required to obtain Judge Tanner's permission, and give notice to her and Kopecky's counsel, before filing its amended application. The judgment creditor seeking a postjudgment writ of garnishment is not required to serve the judgment debtor until *after* the writ has been served on the garnishee. TEX.R. CIV. P. 663a ("as soon as practicable *following* the service of the writ") (emphasis added); *Southwestern Warehouse Corp. v. Wee Tote, Inc.,* 504 S.W.2d 592, 594 (Tex.App.—Houston [14th Dist.] 1974, no writ) (due process requirement of notice and hearing before prejudgment writ of garnishment issues is "clearly inapplicable to post-judgment garnishment"). Service of the judgment debtor is necessarily delayed to ensure the writ serves its intended purpose—to "trap" funds belonging to a judgment debtor but in the hands of a third party. *E.g., In re Bohart,* 743 F.2d 313, 324 n. 9 (5th Cir.1984). And it is nowhere required that a judgment creditor must give notice that it seeks to garnish a judgment debtor's funds to a trial judge who happens to be hearing a turnover order against the same judgment debtor. *Cf.* TEX.R. CIV. P. 679 (trial court's permission required to amend affidavit, bond, writ of garnishment, and officer's return).

■ Kopecky is also incorrect in arguing that L.A.M.'s failure to file a separate garnishment proceeding against Guaranty Federal somehow justifies Kopecky's failure to give proper notice of its motion for sanctions and the trial court's order. The garnishment rules expressly permit a trial court's order on a single application for a writ of garnishment "to direct the issuance of several writs at the same time, or in succession, to be sent to different counties." TEX.R. CIV. P. 658; *cf. Cloughly v. NBC Bank–Seguin,* 773 S.W.2d

---

**2.** The last clause of Rule 63 provides that "any pleadings, responses or pleas offered for filing within seven days of the date of trial or thereafter, or after such time as may be ordered by the judge under Rule 166, shall be filed only after

leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such filing will operate as a surprise to the opposite party." TEX.R. CIV. P. 63.

652, 658 (Tex.App.—San Antonio 1989, writ denied) (failure to separately docket garnishment proceeding harmless); TEX. CIV. PRAC. & REM.CODE ANN. § 31.002(d) (Vernon 1997) (permitting turnover order application to be filed under cause number of underlying suit or in separate proceeding).

◼ Finally, we reject Kopecky's argument that he is entitled to a "final judgment" disposing of all issues and parties, including Guaranty Federal. So long as a judgment remains unsatisfied, a judgment creditor is not limited in the number or type of enforcement actions it may file and pursue; as a result, the judgment debtor is at best entitled to a "final judgment" on each application, *i.e.,* an appealable judgment disposing of the parties and issues raised in a particular application for a postjudgment enforcement order or writ. *See Schultz v. Fifth Judicial Dist. Court of Appeals,* 810 S.W.2d 738, 740, 740 n. 8 (Tex.1991).

## INADEQUACY OF L.A.M.'S APPELLATE REMEDY

◼ As a general rule, writs and orders issued to aid a judgment creditor in collecting on his judgment are not appealable. *Schultz,* 810 S.W.2d at 740. However, a postjudgment turnover order that "resolve[s] the property rights issues and act[s] as a mandatory injunction as to the judgment debtor ... and [a third party] receiver" is appealable. *Id.* at 738, 740; *see also Thomas v. Thomas,* 917 S.W.2d 425, 436 (Tex. App.—Waco 1996, no writ).

◼ Neither *Schultz* nor *Thomas* considered whether a judgment creditor may appeal a turnover order that does not act as a mandatory injunction against it but that nonetheless finally disposes of an application for a postjudgment writ or order. However, L.A.M. assumes the turnover order in this case is appealable by arguing that its appellate remedy is inadequate because the order is void. We disagree. "A judgment is void only when it is clear that the court rendering the judgment had no jurisdiction over the parties or subject matter, no jurisdiction to render judgment, or no capacity to act as a court. Mere failure to follow proper procedure will not render a judgment void." *State ex rel. Latty v. Owens,* 907 S.W.2d 484, 485 (Tex.1995) (citations omitted).

◼ L.A.M. also argues its appellate remedy is inadequate because a writ is necessary to prevent Kopecky from withdrawing the funds in the Guaranty Federal account during the pendency of an appeal. Again, we disagree. L.A.M. can prevent Kopecky from enforcing the trial court's judgment by filing a supersedeas bond or deposit. *See* TEX. R.APP. P. 24.1(f), 24.2(a)(3), 29.1(a); *see also Schultz,* 810 S.W.2d at 739 n. 3.

We agree, however, that L.A.M.'s appellate remedy is inadequate. Whether L.A.M. has an appellate remedy at all is, at best, uncertain and, assuming an appeal is available, it cannot remedy the trial court's error in "depriv[ing] [L.A.M.] of its fundamental due process right to notice...." *Union Carbide,* 798 S.W.2d at 793.

## CONCLUSION

We conditionally grant L.A.M.'s petition for mandamus. Judge Tanner must vacate her order granting Kopecky's oral motion for sanctions within five days of the date of this opinion. A writ of mandamus will issue only if she fails to act in accordance with this opinion.