TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00069-CV







Ruth Woollett and Jane Vorwerk, Appellants



v.



Bill Matyastik, Temporary Guardian in the Matter of the Guardianship


of the Person of Rose Matyastik, Appellee







FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 26,003, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING








 In this accelerated appeal, appellants challenge the trial court's modification of the
visitation provision in an Order for Temporary Guardianship and Injunction. We will reverse the
order of the trial court.


PROCEDURAL AND FACTUAL HISTORY


 On September 28, 1998, the trial court appointed Bill Matyastik, appellee, the
temporary guardian for Rose Matyastik, the mother of appellants and appellee ("original order"). 
Appellants did not perfect an appeal of the original order, (1) although they subsequently sought
mandamus relief from the order which this Court denied. According to the record, the hearing
to appoint a permanent guardian is scheduled for May 17, 1999. As relevant to this appeal, the
temporary injunction in the original order prohibits, inter alia, appellants from communicating
with Mrs. Matyastik in person and from going onto her property. The next section of the original
order, entitled "Visitation," provides:


Notwithstanding the foregoing provisions of this Order, the Court finds that it is
in the best interest of ROSE MATYASTIK that RUTH WOOLLETT and JANE
VORWERK be allowed to visit ROSE MATYASTIK on the following terms and
conditions. All such visitation shall be restricted to the home of ROSE
MATYASTIK or such other place where she shall then reside and shall be directly
supervised by BILL MATYASTIK or some other adult of BILL MATYASTIK's
selection. IT IS FURTHER ORDERED that RUTH WOOLLETT and JANE
VORWERK shall visit with ROSE MATYASTIK separately and shall on no
occasion visit with ROSE MATYASTIK at the same time. The dates, times and
length of each such visitation shall be determined solely by BILL MATYASTIK. 




 On January 15, 1999, both parties appeared for a hearing on discovery matters. 
At the end of the hearing on the discovery issues, appellee orally moved to modify the visitation
provision in the original order. Appellants informed the trial court that they had not been
provided sufficient notice of a hearing of that nature and that it would be prejudicial to proceed. 
The trial court stated that he was sustaining appellants' objection on lack of timely notice, but
nonetheless proceeded to hear appellee's argument and to sign the order of which appellants now
complain. (2) The modified order specifies the days and times of the week when appellants may visit
Mrs. Matyastik, requires an approximately twenty-four hour notice to appellee of appellants'
intent to visit, and leaves the remaining portions of the original order in place. 


DISCUSSION


 Nothing in the record indicates that appellee filed a motion to modify in advance
of the hearing. See Tex. R. Civ. P. 21. Appellants properly complained to the trial court
regarding the lack of notice. The spirit, if not the letter, of the Texas Rules of Civil Procedure
requires motions of any kind to be in writing. See Union City Body Co. v. Ramirez, 911 S.W.2d
196, 200 (Tex. App.--San Antonio 1995, orig. proceeding) (court questioned trial court ruling
on motion to sever served on opposing counsel on morning of another hearing, and not set for
hearing). Although Rule 21 excepts from the three-day notice requirement motions presented
during a hearing or trial, to permit parties to orally raise matters without notice and which could
have been presented in a timely filed, written motion defeats the general requirement of Rule 21
to present motions at least three days before a hearing. Nothing in the record suggests that an
emergency existed which required the court to act without notice to the parties. Without notice,
appellants were deprived of the opportunity to present evidence or a meaningful argument in
response. 

 Under the facts and record before us, we conclude the trial court abused its
discretion in acting on appellee's oral motion to modify visitation in the absence of proper notice
to appellants. (3) See In re L.A.M. & Assocs., 975 S.W.2d 80, 82 (Tex. App.--San Antonio 1998,
orig. proceeding). Accordingly, we reverse the January 15, 1999 order modifying visitation and
remand the cause to the trial court. We overrule appellee's motion to strike appellants' brief.

 No motion for rehearing will be entertained in this matter. See Tex. R. App. P.
49.4 (in an accelerated appeal, the appellate court may deny the right to file a motion for
rehearing).



 


 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel

Reversed and Remanded

Filed: April 2, 1999

Do Not Publish
1. Appellants argue the merits of the original order in their brief. We lack jurisdiction over
the original order and accordingly do not address those arguments. 
2. Because the visitation provision in the original order is so intertwined with the injunction
provision, we treat this as an appeal of a modification of a temporary injunction, which is an
appealable order. See Tex. Civ. Prac. & Rem. Code § 51.014(a)(4) (West Supp. 1999); Permian
Chem. Co. v. State, 746 S.W.2d 873, 874 (Tex. App.--El Paso 1988, writ dism'd); Currie v.
Int'l Telecharge, Inc., 722 S.W.2d 471, 472-73 (Tex. App.--Dallas 1986, no writ). 
3. We do not reach the merits of the trial court's modification of visitation. See In re L.A.M.
& Assocs., 975 S.W.2d 80, 83 (Tex. App.--San Antonio 1998, orig. proceeding).