**Pat PILLITTERI, et al., Appellants,**

v.

**William V. BROWN, Appellee.**

**No. 05–02–01486–CV.**

Court of Appeals of Texas,
Dallas.

April 20, 2004.

Rehearing Overruled June 30, 2005.

Ernest E. Figari, Jr., Figari, Davenport & Graves, L.L.P., Christopher M. Weil, Weil & Petrocchi, P.C., Jeffrey Wallace Hellberg, Jr., Dallas, for appellants.

C. Thomas Wesner, Jr., Wesner, Coke & Clymer, P.C., for appellee.

Before Justices MORRIS, WRIGHT, and MOSELEY.

## OPINION ON REHEARING

Opinion by Justice WRIGHT.

Before us are three motions for rehearing filed by: (1) appellants David Green, Statestar Building Corp., and Davmol Developments, Inc.; (2) appellants Pat Pillitteri, Patcan Texas, Inc., and Patcan Nevada, Inc.; and (3) appellants Statepark Colleyville, Ltd., Statepark Building Group, Ltd., and Portobello, Ltd. Among the points of error raised in their rehearing motions, is the contention that the Court erred in holding that the points of error concerning the turnover order were moot. We grant appellants' motions for rehearing to the extent that they complain about the turnover order and we now address those points of error. We withdraw the opinion and judgment of July 31, 2003. The following is now the opinion of the Court.

Pat Pillitteri, Patcan Texas, Inc., Patcan Nevada, Inc., David Green, Statestar Building Corporation, Davmol Developments, Inc., Statepark Colleyville, Ltd., Statepark Building Group, Ltd., and Portobello, Ltd. appeal a final judgment confirming an arbitration award and a turnover order. Appellants initially contend this Court lacks jurisdiction over this appeal because the trial court's judgment is interlocutory. Appellants also assert the trial court erred in confirming the arbitration award and in entering the turnover order. We affirm.

### Background

Brown entered into two management agreements with appellants. He agreed to manage the Spring Garden townhouse project and the Portobello Phase I townhouse project. Green and Pillitteri manage the business entities behind these two projects. Additionally, Brown did work for Green and Pillitteri on the 1/4 Acre Tract and the Optioned Land, both owned by

Portobello. Brown believed that he had an agreement for an interest in these two properties and the right to development fees or a portion of the sales proceeds. The Optioned Land was subsequently transferred to an entity owned by Pillitteri, Green, and Building Group. The 1/4 Acre Tract was sold for $1,000,000. Brown did not receive any interest in the property or any of the sale proceeds.

Brown filed suit alleging causes of action for declaratory judgment and various contract and tort claims. Over Brown's objection, the trial court ordered the dispute to arbitration pursuant to arbitration clauses contained in the management agreements. The arbitrator awarded damages to Brown and the trial court confirmed the award. This appeal timely followed.

### Jurisdiction

In their first two points of error, appellants assert jurisdictional errors. Specifically, in points of error one and two, appellants contend the award of $50,000 attorney's fees incurred to enforce and reduce the arbitrator's award to judgment and another $50,000 for post-judgment collection efforts renders the judgment conditional and, thus, interlocutory. We disagree. A judgment is final despite the reservation of jurisdiction to consider a claim for additional attorney's fees incurred in execution and collection of the judgment. *See Medical Adm'rs, Inc. v. Koger Properties, Inc.,* 668 S.W.2d 719, 722 (Tex.App.-Houston [1st Dist.] 1983, no writ). We overrule appellants' first and second points of error.

### Arbitration Award

In points of error three, four, and five, appellants complain the trial court erred in confirming the arbitration award.

A trial court shall confirm an arbitrator's award unless, on application of a party, grounds are offered for vacating the award. Tex. Civ. Prac. & Rem.Code Ann. § 171.087 (Vernon Supp.2004); *CVN Group, Inc. v. Delgado,* 95 S.W.3d 234, 245 (Tex.2002). A party cannot appeal from or attack a judgment to which he has consented or agreed absent an allegation and proof of fraud. *Litton Indus. Products, Inc. v. Gammage,* 668 S.W.2d 319, 321–22 (Tex.1984); *Gillum v. Republic Health Corp.,* 778 S.W.2d 558, 562 (Tex.App.-Dallas 1989, no writ). A party's consent to a trial court's entry of judgment waives any error, except for jurisdictional error, contained in the judgment, and that party has nothing to present for appellate review. *Gillum,* 778 S.W.2d at 562. If a party is displeased with a verdict, but nevertheless moves for judgment thereon, such motion is considered an acquiescence in the verdict which will preclude a subsequent attack on appeal. *Gammage,* 668 S.W.2d at 321–22; *Texas Commerce Bank Reagan v. Lebco Constructors, Inc.,* 865 S.W.2d 68, 80 (Tex.App.-Corpus Christi 1993, writ denied).

On May 16, 2002, the arbitrator issued her award. After entry of her award, appellants repeatedly sought confirmation of the award. On June 19, 2002, appellants filed their motion to confirm the arbitrator's award. In their motion, they stated:

> Defendants strongly disagree with the Arbitrator's decision. Defendants maintain that the Arbitrator made incorrect findings of fact and reached erroneous conclusions of law in issuing her decision. However, given the limited grounds for setting aside arbitration awards under both the state and federal arbitration acts, *Defendants have decided to accept the Arbitrator's Award, pay it, and seek final judgment from this Court that fully and finally resolves all claims and issues among the parties in this litigation.* While they are extremely dissatisfied with the Award and be-

lieve the Arbitrator's findings and conclusions were erroneous, Defendants wish to bring a finality to this litigation and have the parties' claims and counterclaims fully and finally resolved.

(emphasis added).

At the hearing on appellants' motion to dissolve the order requiring a security bond, attorney for appellants stated, "[W]e do not at this time object to the confirmation of the award." Brown's attorney stipulated at the hearing that "for purposes of entry of the judgment ... that all claims filed in this court were submitted to the arbitrator for decision and the arbitrator's [sic] ruled on it and [we] withdraw all objection to the submission to the arbitration." The appellants responded affirmatively when the trial court asked whether they accepted that stipulation and whether they wanted it to be enforced as an order of the court.

At a later hearing, the following occurred between the trial court and counsel:

[Mr. Wesner]: The judgment's enforceable for a number of reasons. First of all, as Your Honor will recall, we had a motion before the Court for entry of judgment, and Mr. Cronenwett in open court stood up and stipulated that the judgment should be entered.

Secondly, under AAA Rule 50(c), when the parties agreed under Paragraph 5.8 of the arbitration—of the management agreements for an arbitration of issues arising therefrom, they agreed to the commercial dispute resolution procedures and rules of the AAA.

And Rule 50(c) says parties to arbitration under these rules shall be deemed to have consented that a judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof.

Moreover, the arbitration award is a final award under the Texas—under the Texas law because the Paragraph 5.8 of the management agreements contain no provision for appeal.

\* \* \*

[The Court]: It is my recollection that it was defendants' request that the judgment be entered.

[Mr. Cronenwett]: It was, Your Honor. And there was a discussion in open court about whether the award would be reduced to a judgment, and we stipulated that the award could be reduced to a judgment.

[The Court]: And requested that the Court do that.

[Mr. Cronenwett]: Yes.

\* \* \*

[Mr. Weil]: Your Honor, the first day I walked in this court, I think I assured the Court we were going to file a motion for new trial. I can only look at the record. The record is you entered a judgment. I do not see agreement to that judgment anywhere. There is no agreement, no—as to form or as to substance.

[The Court]: It seems to me that was on the record. Does anyone recall?

[Mr. Wesner]: Yes, it was, Your Honor. We had a stipulation on the record. It was announced in open court. And you will recall what his concern was is that Mr. Brown had interposed certain jurisdictional aspects to which Mr. Brown agreed to waive those, and the Court has recited his waiver. And that was part of the stipulation Rule 11 announced in open court, and that is binding on the parties.

[Mr. Weil]: I am familiar with Rule 11 and its nature, and the burden is not on me to dig in the record to find it. But I think if Mr. Wesner believes that that would preclude a motion for new trial, that we have to start there.

Secondly, I don't believe that precludes a motion for new trial. Leading the Court into error may, however, and if the Court believes that counsel led the Court to believe that that judgment would never be contested, I have got to see that in the record to—to rely upon it.

[The Court]: The docket entry does indicate on June 18th that the parties stipulated to the final judgment.

[Mr. Weil]: Stipulated that it was to be final or stipulated to the final judgment entered?

[The Court]: I think we would have to review the record. I understood that there was an agreement as to the contents of the judgment.

\* \* \*

[Mr. Wesner]: You will recall that the Court had a telephone conference concerning the form of the judgment, and the Court will recall that Mr. Cronenwett requested that the last sentence above the date be entered, that this is a final judgment which disposes of all parties and claims brought in this litigation and/or the arbitration.

Also, Mr. Cronenwett's comment was, is that the order should be drafted in the form that it's drafted with a reference back to Paragraph 91 which the Court did. Paragraph 91 is attached to the judgment as Exhibit A and Exhibit B as part of the award, and that document itself specifies who is to pay those amounts. The Court indicated at that time it was confirming the arbitrator's decision in respect to Paragraph 91 in confirmation of the award.

We now have before this Court language specifically requested. So what they are suggesting to this Court is that the defendants themselves have invited error, and to the extent defendants themselves invited error, we know what the result of that is. So we are here on

a stipulated judgment in precisely the form that Mr. Cronen—Cronenwett—

[Mr. Cronenwett]: Cronenwett.

[Mr. Wesner]:-Cronenwett requested the Court assign and enter. The Court will remember how I requested certain things, and the Court followed Mr. Cronenwett's specific comments. And the Court received correspondence, letters, and then telephone conference in that regard.

Although appellants repeatedly expressed that they were not happy with the arbitrator's award, appellants nevertheless requested the trial court to enter judgment confirming the award, stating "Defendants wish to bring a finality to this litigation and have the parties' claims and counterclaims fully and finally resolved." Having acquiesced in the trial court's judgment, appellants have waived their right to complain on appeal. *See Gammage,* 668 S.W.2d at 321–22; *Gillum,* 778 S.W.2d at 562. Both sides moved the trial court to confirm the arbitrator's award. The trial court properly confirmed the award and entered judgment. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.087 (Vernon Supp. 2004). We have concluded the trial court's judgment was final. Appellants do not allege that the judgment was procured by fraud. Accordingly, having requested and consented to the entry of the judgment, appellants have waived their right to complain about it.

■ Assuming there was no waiver, however, we cannot conclude that appellants would prevail. In points of error three and four, appellants complain about the award of $56,343.50 to the American Arbitration Association. If the parties' arbitration agreement fails to provide for payment of the arbitrator's fees and expenses, they shall be paid as provided in the arbitrator's award. TEX. CIV. PRAC. & REM.CODE ANN. § 171.055 (Vernon Supp.

2004). "The fact that the relief granted by the arbitrators could not or would not be granted by a court of law or equity is not a ground for vacating or refusing to confirm the award." TEX. CIV. PRAC. & REM.CODE ANN. § 171.090 (Vernon Supp.2004). The arbitrator awarded the American Arbitration Association and the arbitrator their administrative fees and expenses totaling $56,343.50. Pursuant to the award, Green, Pillitteri, StatePark Building Group Ltd., Statestar Building Corp., Patcan Nevada, Inc., Prevale Development, Inc., and Davmol Development, Inc. were jointly and severally liable for this amount. On appeal, appellants assert that the trial court erred in making the award to the AAA because it is a non-party. Although the trial court could not have granted this relief, it did not err in confirming this award of the arbitrator. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.090 (Vernon Supp.2004). We overrule appellants' third and fourth points of error.

■ In point of error five, appellants complain about the judgment's provision for post-judgment interest on the award. Arbitration awards earn post-judgment interest in the same manner as other judgments. *See Kermacy v. First Unitarian Church of Austin,* 361 S.W.2d 734, 735 (Tex.Civ.App.-Austin 1962, writ ref'd n.r.e.). We overrule appellant's fifth point of error.[1]

### Turnover Order

In four points of error, appellants assert the trial court erred in entering the turnover order. Appellants assert the turnover order was error because it is not based on a final judgment, the trial court allowed Brown to amend his turnover application on the morning of trial, the trial court erred in disregarding one of the jury's answers, and Brown failed to show appellants possessed or controlled the assets.

■ We review a trial court's turnover order for an abuse of discretion. *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex.1991). We may reverse the trial court for abusing its discretion only when we find the court acted in an unreasonable or arbitrary manner. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242 (Tex.1985).

■ The purpose of the turnover statute is to assist a judgment creditor in reaching certain property of a judgment debtor to obtain satisfaction on a judgment. *See Commerce Sav. Ass'n v. Welch,* 783 S.W.2d 668, 671 (Tex.App.-San Antonio 1989, no writ). Property may be subject to turnover if it: (1) is owned by the judgment debtor; (2) cannot be readily attached or levied on by ordinary legal process; and (3) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 31.002(a)(1) & (2) (Vernon Supp.2004).

■ In their second point of error on the turnover order,[2] appellants assert the trial court erred in allowing Brown to supplement his turnover application on the morning of trial. Green's deposition was taken on July 23, 2002. At his deposition, Brown learned that Green owned 100% of the stock in GreenJack Holdings, Ltd. The following day, Brown filed his supplemental application adding GreenJack Holdings, Ltd. to the list of properties for which he

---

1. Because of our holding that appellants consented to the judgment confirming the arbitration award, we do not address points of error six and seven complaining about the denial of their motion for new trial.

2. Having concluded that the trial court's judgment is final, we do not address appellants' point of error asserting the turnover order was error because it was not based on a final judgment.

sought turnover. Appellants moved to strike Brown's supplemental application. The trial court denied the motion.

■ Pleadings offered for filing within seven days of trial may not be filed except with leave of court. TEX.R. CIV. P. 63. Pleadings consists of a petition and an answer that sets forth a cause of action or defense. *See* TEX.R. CIV. P. 45(a) & (b). A pleading is distinguishable from an application requesting relief in an ancillary proceeding. *See Gutierrez v. Cayman Islands Firm of Deloitte & Touche,* 100 S.W.3d 261, 267 (Tex.App.-San Antonio 2002, no pet.); *In re L.A.M. & Assoc.,* 975 S.W.2d 80, 84 (Tex.App.-San Antonio 1998, orig. proceeding). Unlike a pleading, an application for ancillary relief does not allege a cause of action or defense. *In re L.A.M. & Assoc.,* 975 S.W.2d at 84.

Through his turnover application, Brown sought to enforce an existing judgment. He did not allege a cause of action. For these reasons, the requirement in rule 63 that a party obtain leave of court before filing a pleading within seven days of trial does not apply. We overrule appellants' second point of error regarding the turnover order.

■ In their third turnover order point of error, appellants assert the trial court erred in denying the jury's answer to question four. The following four questions were submitted to the jury:

1. Do you find by a preponderance of the evidence that David Green owns 100% of the stock of Green Jack Holdings, Ltd.?

Answer—Yes

2. Do you find from a preponderance of the evidence that Davmol Developments, Inc. owns the Florida condominium at 2515 Southeast 20th Place?

Answer—Yes

3. Do you find from a preponderance of the evidence that Pat Pillitteri owns any of the following stock or interest?

a. in Patron Contracting, Ltd.    Answer - Yes
b. in Patcan Nevada, Inc.    Answer - Yes
c. in Patcan Texas, Inc.    Answer - Yes
d. in Fletchers Nevada, Inc.    Answer - Yes
e. in 10 Bradwick, Inc.    Answer - Yes
f. in Birchland Homes, Inc.    Answer - Yes

4. For each item of property, if any, as to which you answered "yes" in response to questions nos. 1, 2, or 3, do you find that the item of property cannot be readily attached or levied on by ordinary legal process by William V. Brown?

Answer—[No as to all]

The parties conceded at trial that appellants were Canadian nationals and Canadian residents. The ordinary legal process by which property is attached or levied upon is a writ. A writ must be addressed to a sheriff or constable in the State of Texas, and directs the official to attach and hold the defendant's property as shall be found within his county. *See* TEX.R. CIV. P. 593. Accordingly, appellants' property located in Canada and Florida cannot be attached or levied upon by ordinary legal process. The trial court did not err in disregarding the jury's answer to question four. We overrule appellants' third point of error regarding the turnover order.

■ In their final turnover order point of error, appellants assert turnover relief was improper because Brown failed to show that appellants possessed or controlled the subject properties. According to appellants, showing ownership of the property is not enough. We disagree.

■ Once a judgment creditor traces the assets to the judgment debtor, a presumption arises that those assets are in the debtor's possession and the burden then shifts to the debtor to account for those assets. *Beaumont Bank,* 806 S.W.2d at 226. Similarly, if a judgment debtor claims that an asset is exempt, it is

the debtor's burden to prove the exemption. *Burns v. Miller, Hiersche, Martens & Hayward,* P.C., 948 S.W.2d 317, 324 (Tex.App.-Dallas 1997, pet. denied); *Dale v. Finance America Corp.,* 929 S.W.2d 495, 498–99 (Tex.App.-Fort Worth 1996, writ denied).

Brown put forth evidence and the jury found that appellants owned the subject properties. Once Brown presented evidence that appellants owned the properties, a presumption arose that the assets were in appellants' possession. *See Beaumont Bank,* 806 S.W.2d at 226. The burden then shifted to appellants to account for the assets. *Id.* Appellants offered no evidence at trial and, therefore, did not rebut the presumption that the properties were in their possession. We overrule appellants' fourth point of error regarding the turnover order.

We affirm both the trial court's judgment and turnover order.