ACCEPTED
04-13-00897-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
3/6/2015 9:23:35 AM
KEITH HOTTLE
CLERK

NO. 04-13-00897-CV

IN THE COURT OF APPEALS

FOURTH COURT OF APPEALS DISTRICT OF TEXAS

SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
03/6/2015 9:23:35 AM
KEITH E. HOTTLE
Clerk

LYN NOBLE HAWTHORNE A/K/A LYN HAWTHORNE,
                                                APPELLANT

VS.

JACK GUENTHER,
                                APPELLEE

*On Appeal from the 285th Judicial District Court,*

*Bexar County, Texas,* No. 2011-CI-20197

**APPELLANT, LYN NOBLE HAWTHORNE
A/K/A LYN HAWTHORNE'S MOTION FOR REHEARING**

Barkhurst & Hinojosa, P.C.
Paul D. Barkhurst
State Bar No. 00790266
pbarkhurst@bhlawpc.com
Joe R. Hinojosa
State Bar No. 24007368
jhinojosa@bhlawpc.com
110 Broadway, Suite 350
San Antonio, Texas 78205
(210) 226-7800 - Telephone
(210) 226-7802 - Facsimile

Of Counsel:

Shiv K. Kapoor
State Bar No. 24076474
shiv@kapoorlawoffice.com
Kapoor Law Office, PLLC
Chulie Professional Building
926 Chulie Drive
San Antonio, TX 78216
(210) 225-6666 - Telephone
(210) 225-2300 - Facsimile

# TABLE OF CONTENTS

TABLE OF CONTENTS......................................................................................... i

INDEX OF AUTHORITIES................................................................................ ii

REHEARING ISSUE ....................................................................................... iv

SUMMARY OF REHEARING ARGUMENT ........................................................1

ARGUMENT ON REHEARING ........................................................................3


I.      Appellee's June 3, 2003 filing was not a new and independent action,  and, thus, not an action of debt that revived the 1993 judgment. ......................................................................................3

II.     Appellee's June 3, 2003 filing was not a traditional plea in intervention, but only an application for turnover relief that did not revive the 1993 judgment..............................................................6

III.    At most, Appellees' filing could be considered a post-judgment plea in  intervention; however, that is not a new and independent action..................................................................................10

PRAYER .......................................................................................................11

CERTIFICATE OF COMPLIANCE ..................................................................13

CERTIFICATE OF SERVICE ..........................................................................13

i

# INDEX OF AUTHORITIES

**Cases**

*Beaumont Bank, N.A. v. Buller*,
   806 S.W.2d 223, 224 (Tex. 1991) ........................................................................5

*Breazeale v. Casteel*,
   4 S.W.3d 434, 436 (Tex. App.—Austin 1999)............................................. 10, 11

*Bridges v. Samuelson*,
   11 S.W. 539, 539-540 (Tex. 1889) .......................................................................3

*Bullock v. Ballew*,
   9 Tex. 498, 499-500 (1853) ..................................................................................3

*C/S Solutions, Inc. v. Energy Maint. Servs. Grp. LLC,*
   274 S.W.3d 299, 306–07 (Tex. App.—Houston 2008, no pet.).......................9, 10

*First Freeport Nat. Bank v. Brazoswood Nat. Bank*,
   712 S.W.2d 168, 170 (Tex. App.—Houston 1986, no writ) .................................6

*Guaranty Federal Sav. Bank v. Horseshoe Operating Co.*,
   793 S.W.2d 652, 657 (Tex. 1990) ......................................................................7, 8

*Gutierrez v. Cayman Islands Firm of Deloitte & Touche*,
   100 S.W.3d 261, 267 (Tex. App. – San Antonio 2002, no pet.) ...........................8

*Henry Austin's Ex'Ors v. Abut G. Reynolds's Adm'r.*,
   13 Tex. 544, 547 (1855)........................................................................................3

*In re L.A.M. & Assoc.*,
   975 S.W.2d 80, 84 (Tex. App.—San Antonio 1998, orig. proceeding).............5, 8

*Janner v. Richardson*,
   414 S.W.3d 857, 859 (Tex. App.— Houston 2013, no writ) ...............................7

*Johnson v. State Farm Lloyds*,
   204 S.W.3d 897, 899 n. 1 (Tex. App.—Dallas 2006), *aff'd,* 290 S.W.3d 886
   (Tex. 2009)............................................................................................................7

*Lerma v. Forbes*,
  166 S.W.3d 889, 893 (Tex. App.—El Paso 2005) ...............................................11

*Mercer v. Band*,
  454 S.W.2d 833, 835 (Tex.App.—Houston 1970, no writ) ...................................6

*Pillitteri v. Brown*,
  165 S.W.3d 715, 722 (Tex. App.—Dallas 2005, no pet.) ............................ 4, 5, 8

*Republic Ins. Co. v. Millard*,
  825 S.W.2d 780, 782 (Tex. App.—Houston 1992, orig. proceeding) ...............4, 5

*Sias v. Berly*,
  245 S.W.2d 503, 511 (Tex. Civ. App.—Beaumont 1950), *rev'd on other
  grounds,* 255 S.W.2d 505, 508 (1953)...............................................................4

*State Bar of Texas v. Heard*,
  603 S.W.2d 829, 833 (Tex. 1980) .........................................................................6

**Statutes and Rules**

TEX. CIV. PRAC. & REM. CODE ANN. § 31.002 (West 2008) ....................................1

TEX. R. APP. P. 49..................................................................................................1

TEX. R. CIV. P. 71 ........................................................................................... 6, 7, 9

# **REHEARING ISSUE**

The Court erred as a matter of law in holding that Appellee revived the dormant 1993 Judgment. Appellee's June 3, 2003 filing did not revive the 1993 Judgment as it was not a new and independent action and thereby an action of debt.

**TO THE HONORABLE JUSTICES OF THE FOURTH COURT OF APPEALS:**

COMES NOW Appellant, Lyn Noble Hawthorne a/k/a Lyn Hawthorne, and files this Motion for Rehearing, pursuant to TEX. R. APP. P. 49.

## SUMMARY OF REHEARING ARGUMENT

At issue is whether Appellee's June 3, 2003 "Plea In Intervention And Application For Turnover Relief" was an action of debt that revived the 1993 Judgment. Texas courts have long held that an action of debt is a new and independent action in which a judgment creditor obtains a new judgment based on the original judgment. On the other hand, Texas courts have established that applications for turnover orders are ancillary actions.

There are no reported Texas cases where an application for a turnover order was found to be an action of debt that revived a dormant judgment. The turnover statute, TEX. CIV. PRAC. & REM. CODE ANN. § 31.002 (West 2008), is purely procedural in nature. Unlike an action of debt, a turnover action does not result in a new judgment, but merely an order to reach the judgment debtor's property to satisfy the original judgment.

The turnover statute specifically states that the judgment creditor is entitled to aid from a court to reach property to obtain satisfaction *on the judgment*. Thus, it is not a vehicle in which a judgment creditor is seeking to obtain a new judgment based on the original judgment, as is the case with "actions of debt." Here,

1

Appellee sought an order for Hawthorne to turn over any proceeds she received in a personal injury lawsuit to satisfy in part the 1993 judgment. The filing was not a new and independent proceeding, did not result in a new judgment, and, thus, was not an action of debt that revived the dormant 1993 judgment.

The Court erred in holding that Appellee's filing was a traditional plea in intervention and thus a new and independent action that revived the 1993 judgment. The nature of a filing is determined by its substance, not by its caption. Appellee's filing was not in substance a traditional plea in intervention. A third party can intervene in an action only where he could have brought the same action in his own name, or, if the action had been brought against him, he would be able to defeat recovery. That was not the case in the action where Appellee made his filing, which was a personal injury lawsuit by Hawthorne against an unrelated defendant.

Appellee had nothing to do with that lawsuit and could not have brought the same action in his own name. Indeed, he did not allege a cause of action. Appellee sought a turnover order and that is the relief that the trial court granted to Appellee. Thus, Appellee's filing was in substance only an application for turnover relief. The Court's holding sets a precedent that allows a party's caption to control the outcome of a case – something Texas courts have consistently rejected.

The filing was at most a post-judgment plea in intervention, which is ***not*** a new and independent action. A party can file a post-judgment plea in intervention in a turnover action where he seeks only to protect his interest in the judgment in the underlying lawsuit and not obtain a new judgment. There is simply no legal basis for a plea in intervention seeking a turnover application to be considered a new and independent action or "an action of debt." Based on the undisputed facts and long held Texas law, this Court should hold that the 1993 Judgment is dormant and is no longer of any force or effect.

**ARGUMENT ON REHEARING**

**I.     Appellee's June 3, 2003 filing was not a new and independent action, and, thus, not an action of debt that revived the 1993 judgment.**

Texas courts have identified and have long held that an "action of debt" is a new and independent action in which a judgment creditor obtains a new judgment based on the original judgment. This has been the law for more than 100 years. *See [Bridges v. Samuelson, 11 S.W. 539, 539-540 (Tex. 1889)](#)* (petition to revive dormant judgment requesting judgment for the amount of the dormant judgment plus interest and costs was an action of debt); *[Henry Austin's Ex'Ors v. Abut G. Reynolds's Adm'r., 13 Tex. 544, 547 (1855)](#)* (in an action of debt on a dormant judgment a new judgment is sought); *[Bullock v. Ballew, 9 Tex. 498, 499-500 (1853)](#)* ("[i]n an action of debt[,] the judgment for the plaintiff is that he recover his debt," whereas "[i]n a *scire facias*, it is simply that he have execution"); *[Sias v.](#)*

3

*Berly*, 245 S.W.2d 503, 511 (Tex. Civ. App.—Beaumont 1950), *rev'd on other grounds*, 255 S.W.2d 505, 508 (1953) ("the judgment rendered in an action of debt is a new judgment").

Conversely, Texas courts have held that an application for a turnover order is not a new and independent action seeking a new judgment, but merely a form of ancillary relief to enforce an existing judgment. *See Pillitteri v. Brown*, 165 S.W.3d 715, 722 (Tex. App.—Dallas 2005, no pet.) ("[t]hrough his turnover application, [appellee] sought to enforce an existing judgment"). The turnover statute is "a purely procedural device to assist judgment creditors in post-judgment collections." *Republic Ins. Co. v. Millard*, 825 S.W.2d 780, 782 (Tex. App.—Houston 1992, orig. proceeding). "Its purpose is merely to ascertain whether an asset is either in the judgment debtor's possession or subject to the debtor's control" and "to facilitate the collection of assets from the judgment debtor to the judgment creditor." *Id.* at 783 (holding that the statute does not allow for a third party not part of the original judgment to be forced to litigate a substantive issue). In *Republic Ins. Co.,* the Houston Court expressly rejected the argument that the "'independent proceeding" language in the turnover statute allowed "new" lawsuits. *Id.* The Houston Court reasoned that subsection (d) of the turnover statute simply denoted "the procedural manner in which the turnover action may be

4

brought." *Id.* In other words, the turnover statute does not allow for a new and independent action.

Indeed, an application for ancillary relief "seeks relief ancillary to the underlying suit. For example, post-judgment writs of garnishment and turnover orders are used to ***enforce existing judgments*** by freezing and ultimately obtaining possession of enough of the judgment debtor's non-exempt property to satisfy the judgment." *In re L.A.M. & Assoc.*, 975 S.W.2d 80, 84 (Tex. App.—San Antonio 1998, orig. proceeding) (emphasis added); *see also Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 224 (Tex. 1991)* (turnover statute is "the procedural device by which judgment creditors may reach assets of a debtor that are otherwise difficult to attach or levy on by ordinary legal process"); *Pillitteri, supra, 165 S.W.3d at 721* ("[t]he purpose of the turnover statute is to assist a judgment creditor in reaching certain property of a judgment debtor to obtain satisfaction on a judgment").

In this case, it is undisputed that Appellee's filing did not seek a new judgment, but rather that Hawthorne turn over any proceeds she may receive in the personal injury lawsuit to satisfy the 1993 judgment. CR Supp 96-99 (Pl.'s MSJ, Ex. 8). It is also undisputed that the relief obtained by the Appellee was not a new judgment – the trial court issued an order, captioned "Turnover Order," granting the Appellee's "sworn Application for Turnover Relief" and ordering Hawthorne to turn over any property or payment received by her related to the personal injury

5

lawsuit CR Supp 110 (Pl.'s MSJ, Ex. 10). Appellee's application for turnover relief was in no way an action of debt where a new judgment was granted and this Court's holding that it was is contrary to the substance of the order and long established binding Texas precedent.

## II. Appellee's June 3, 2003 filing was not a traditional plea in intervention, but only an application for turnover relief that did not revive the 1993 judgment.

The nature of a filing is determined from its substance, not from its caption. *State Bar of Texas v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) ("[w]e look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it"); *First Freeport Nat. Bank v. Brazoswood Nat. Bank*, 712 S.W.2d 168, 170 (Tex. App.—Houston 1986, no writ) ("Texas courts have consistently applied the rule that the character of a motion is to be determined from its substance, not from its caption"); *Mercer v. Band*, 454 S.W.2d 833, 835 (Tex.App.—Houston 1970, no writ) ("[a] motion's substance is not to be determined by its caption or by its introduction").

Trial courts can consider and grant the actual relief sought even if the caption of the filing is incorrect. "When a party has mistakenly designated any plea or pleading, the court, if justice so requires, shall treat the plea or pleading as if it had been properly designated." TEX. R. CIV. P. 71. Rule 71 "permits a trial court to consider a motion or other filing according to its substance, even if it is not

6

accurately titled." *Janner v. Richardson, 414 S.W.3d 857, 859 (Tex. App.—Houston 2013, no writ)*; *Johnson v. State Farm Lloyds, 204 S.W.3d 897, 899 n. 1 (Tex. App.—Dallas 2006), aff'd, 290 S.W.3d 886 (Tex. 2009)* (motion titled "Motion to Compel," which requested in the body summary judgment, was properly treated as a motion for summary judgment pursuant to Rule 71).

The caption of Appellee's filing is not controlling as to whether it was a plea in intervention. The Court must look to the substance of the filing. The substance of the filing was an application for turnover relief. And the trial court in the personal injury lawsuit issued an order based on the substance of the relief sought, i.e., turnover relief, not on the form or the caption of the plea. Indeed, Appellee did not seek nor did he receive relief as a plaintiff or defendant in the case.

While Appellee's June 3, 2003 filing was captioned "Plea In Intervention And Application For Turnover Relief", CR Supp 96 (Pl.'s MSJ, Ex. 8), it was not in substance a traditional plea in intervention. A third party "has the right to intervene if the [third party] could have brought the same action, or any part thereof, in his own name, or, if the action had been brought against him, he would be able to defeat recovery, or some part thereof." *Guaranty Federal Sav. Bank v. Horseshoe Operating Co., 793 S.W.2d 652, 657 (Tex. 1990)*.

Here, Appellee intervened in a personal injury lawsuit by Hawthorne against another defendant. CR Supp 96-97 (Pl.'s MSJ, Ex. 8). The facts underlying the

7

lawsuit were not related to the Appellee in any way. He could not have brought the same action in his own name and certainly the action could not have been brought against him. It is undisputed that Appellee did not state a cause of action for the underlying lawsuit in his filing. *Id.* In truth and substance, the filing was not a traditional plea in intervention.

Rather, the filing was an application for turnover relief. "A pleading is distinguishable from an application requesting relief in an ancillary proceeding." *Pillitteri, supra,* 165 S.W.3d 715, 722 (citing *Gutierrez v. Cayman Islands Firm of Deloitte & Touche,* 100 S.W.3d 261, 267 (Tex. App. – San Antonio 2002, no pet.) ("this court distinguished a 'pleading' from an 'application' by defining a pleading as a means to allege a cause of action or ground of defense")); *In re L.A.M. & Assoc., supra,* 975 S.W.2d at 84. "Unlike a pleading, an application for ancillary relief does not allege a cause of action or defense." *Pillitteri, supra,* 165 S.W.3d at 722 (citing *In re L.A.M. & Assoc.,* 975 S.W.2d at 84). An application for ancillary relief "seeks ***relief ancillary to the underlying suit.*** For example, post-judgment writs of garnishment and turnover orders are used to enforce ***existing judgments*** by freezing and ultimately obtaining possession of enough of the judgment debtor's non-exempt property to satisfy the judgment." *In re L.A.M. & Assoc.,* 975 S.W.2d at 84 (emphasis added).

While Appellee did not allege a cause of action or defense in the underlying personal injury lawsuit in his June 3, 2003 filing, he did, however, seek "***relief ancillary to the underlying suit***," requesting turnover of the proceeds to be recovered by Hawthorne in the lawsuit. And, as noted, the trial court issued an order, captioned "Turnover Order," granting the Appellee's "sworn Application for Turnover Relief." CR Supp 110 (Pl.'s MSJ, Ex. 10). The fact that the term "plea in intervention" appeared in the caption was not controlling pursuant to Rule 71. *See C/S Solutions, Inc. v. Energy Maint. Servs. Grp. LLC, 274 S.W.3d 299, 306–07 (Tex. App.—Houston 2008, no pet.)* (although plaintiff titled document a "nonsuit," in substance document was an amended pleading, and pursuant to Rule 71, was not controlled by the fact that the term "nonsuit" appeared in document). The trial court could and did consider the filing for what it actually was – an application for turnover relief. The undisputed evidence demonstrates that the filing was in fact an application for turnover relief.

Indeed, Appellee referred to the June 3, 2003 filing and the others only as applications for turnover relief throughout his Appellee brief, further establishing that even Appellee considered the substance of the filing was an application for turnover relief. Appellee stated he filed "five separate requests for turnover relief" (Brief of Appellee at p. 19); that the "applications for turnover relief themselves are 'actions of debt'" (Brief of Appellee at p. 20); and that [a]ll of [Appellee's]

applications for turnover relief were clearly requests for judicial intervention to enforce the 1993 judgment." *Id.*

Because Appellee's filing was only an application for turnover relief, not a new and independent suit, it could not revive the dormant 1993 judgment as a matter of law. As this Court stated in its opinion, an "'action on debt' is a new and independent suit that does not seek execution of the former judgment, but instead, seeks recovery of the full amount of the debt owed under the former judgment." Opinion at p. 5. The only way for the "Plea In Intervention" to be considered a new and independent action is if one were to disregard what (in substance) was brought and what (in substance) was ordered by the court. This Court should not recast the plea in intervention as something more than what the trial court in the personal injury lawsuit determined it to be. Because Appellee's June 3, 2003 filing was not a new and independent action, it was not an action of debt and did not revive the dormant 1993 judgment.

**III.    At most, Appellees' filing could be considered a post-judgment plea in intervention; however, that is not a new and independent action.**

Although post-judgment interventions are normally barred, a party can file a post-judgment plea in intervention in a judgment creditor's turnover action to protect that party's interest in a judgment debtor's property. *See Breazeale v. Casteel, 4 S.W.3d 434, 436 (Tex. App.—Austin 1999)* (third-party assignee of judgment debtor's unrelated judgment could intervene to protect its interest in that

10

unrelated judgment when judgment creditor sought the judgment debtor's proceeds from the unrelated judgment in a turnover action).  However, a post-judgment plea in intervention to protect a party's interest in the proceeds of a lawsuit ***is not a new action because it is not seeking to alter the judgment.***  *See [Breazeale, 4 S.W.3d 434 at 436](#)*; *[Lerma v. Forbes, 166 S.W.3d 889, 893 (Tex. App.—El Paso 2005)](#)* (post-judgment plea in intervention allowed where party is not seeking to alter the judgment in the underlying lawsuit, but only seeking to protect its interest).  In these holdings, the post-judgment plea in intervention is allowed precisely because it is not a new and independent action seeking a new judgment.

Thus, to the extent that Appellee was trying to protect his interest in any recovery in the personal injury lawsuit, it still would not be considered a new and independent action as a matter of law.  There is no legal basis for the proposition that by filing a plea in intervention seeking to protect an interest in a judgment that one may revive a dormant judgment.  It is simply not an action of debt.  This Court erred in holding that it was.  Hawthorne respectfully requests that this Court grant rehearing in this matter and hold that the 1993 judgment is dormant and is no longer of any force or effect.

## PRAYER

WHEREFORE, Appellant, Lynn Noble Hawthorne a/k/a Lynn Hawthorne, prays this Court GRANT its Motion for Rehearing, withdraw its opinion of

11

February 4, 2015, and issue a new opinion in its stead, holding that the trial court erred in granting summary judgment to Appellee and in not granting Appellant's Motion for Summary Judgment. Appellant further prays for all other and further relief to which she is entitled.

Respectfully submitted,

Barkhurst & Hinojosa, P.C.

 /s/ Paul D. Barkhurst
Paul D. Barkhurst
State Bar No. 00790266
pbarkhurst@bhlawpc.com
Joe R. Hinojosa
State Bar No. 24007368
jhinojosa@bhlawpc.com
110 Broadway, Suite 350
San Antonio, Texas 78205
(210) 226-7800 - Telephone
(210) 226-7802 - Facsimile

Of Counsel:

Shiv K. Kapoor
State Bar No. 24076474
shiv@kapoorlawoffice.com
Kapoor Law Office, PLLC
Chulie Professional Building
926 Chulie Drive
San Antonio, TX 78216
(210) 225-6666 - Telephone
(210) 225-2300 - Facsimile

ATTORNEYS FOR APPELLANT,
LYN NOBLE-HAWTHORNE A/K/A
LYN HAWTHORNE

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that this Motion for Rehearing complies with the type-volume limitation of Tex. R. App. P. 9.4(i)(2)(D) because this brief contains 2,838 words, excluding parts of the brief exempted by Tex. R. App. P. 9.4(i)(1).

This brief complies with the typeface requirements of Tex. R. App. R. 9.4(e) because this brief has been prepared in a conventional typeface of 14-point font in the text.

      /s/ Paul D. Barkhurst
      Paul D. Barkhurst


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Appellant, Lyn Noble-Hawthorne a/k/a Lyn Hawthorne's Motion for Rehearing, was forwarded on the 6th day of March, 2015, via Electronic Service Transmission, to:

Mr. David C. Snell
Bayne, Snell & Krause
State Bar No. 24011309
8626 Tesoro Drive, Suite 500
San Antonio, TX 78217-6233
*Attorneys for Appellee*

      /s/ Paul D. Barkhurst
      Paul D. Barkhurst