

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00269-CV

_____

JAMES REEDOM, Appellant

V.

5950 BOCA RATON LP D/B/A MADISON PARK (WOODSTOCK), Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2018-004416-1

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant James Reedom appeals from the agreed judgment (Agreed Final Judgment) rendered by the trial court in the eviction case brought against him by Appellee 5950 Boca Raton LP d/b/a Madison Park (Woodstock). We affirm.

### BACKGROUND

In 2018, Reedom was a tenant at Woodstock. On June 14, 2018, Woodstock filed an action in the justice court to evict him. *See* Tex. R. Civ. P. 510. Its complaint alleged that Reedom failed to pay $268.39 of his June 2018 rent. The jury found in favor of Reedom, and the justice court rendered judgment accordingly.

Woodstock appealed to the county court on July 16, 2018. On August 14, 2018, Reedom signed an "Agreed Final Judgment" in the county court; he signed it as "Agreed to." In that judgment, the county court stated that the parties had arrived at an agreement, and, having heard the agreement, the county court awarded Woodstock (1) possession of the property on August 25, 2018 (thus giving Woodstock possession but not immediately); (2) $2,010; (3) reasonable attorney's fees of $1,000; and (4) the cash bond it had deposited with the court.

Reedom then filed this appeal. In his brief, Reedom raises four issues, none of which challenge the agreed judgment. Instead, he complains about the dismissal of a federal lawsuit he filed. He argues that "[t]his case is about an appellant who was forced to leave the appelle[e']s complex because he [was a] whistle[] blower on several

2

federal HUD law violations and improprieties. This ultimately led to a retaliation case against him."

**DISCUSSION**

## I.     A Party's Consent to Judgment Waives Error.

Absent an allegation and proof of fraud, collusion, or misrepresentation, a party generally cannot appeal from or attack a judgment to which he has consented or agreed. *Estate of Nielsen*, No. 02-17-00251-CV, 2018 WL 4625531, at *3 (Tex. App.—Fort Worth Sept. 27, 2018, pet. denied) (mem. op.); *Pillitteri v. Brown*, 165 S.W.3d 715, 718 (Tex. App.—Dallas 2004, no pet.). "A party's consent to a trial court's entry of judgment waives any error, except for jurisdictional error, contained in the judgment, and that party has nothing to present for appellate review." *Pillitteri*, 165 S.W.3d at 718. However, "for waiver to occur under this theory, agreement should be explicit and unmistakable." *Estate of Nielsen*, 2018 WL 4625531, at *3; *see also Baw v. Baw*, 949 S.W.2d 764, 766 (Tex. App.—Dallas 1997, no writ).

## II.     Reedom Waived His Issues on Appeal.

The judgment is titled "Agreed Final Judgment," and Reedom signed the judgment as "Agreed to," not just "agreed as to form." This language is not necessarily sufficient to establish that the judgment is agreed, however, and appellate courts are not unanimous on the issue of whether a judgment can be challenged on appeal when it appears to be agreed but, like the Agreed Final Judgment, "has no recitation of the agreement in the body of the order itself." *Estate of Nielsen*,

3

2018 WL 4625531, at *4. However, here the Agreed Final Judgment further recited that "[t]he parties announced an agreement" and that the court was rendering judgment after hearing that agreement. Thus, the judgment reflects that an agreement existed and also that the county court had evidence of both its existence and its substance. *Contra Bexar Cty. Crim. Dist. Attorney's Office v. Mayo*, 773 S.W.2d 642, 644 (Tex. App.—San Antonio 1989, no writ) (stating that the word "Approved," in the judgment signed by the appellant, with nothing more, did not indicate a consent judgment when "[n]othing in the body of the judgment suggests that the case had been settled or that judgment was rendered by consent" and that "[t]here are no other indications of agreement in the record").

Nothing in the record indicates that Reedom signed the Agreed Final Judgment under protest or in any way indicated to the county court that it did not reflect the parties' agreement. *Contra Baw*, 949 S.W.2d at 767 (holding that despite signing the divorce decree as "approved and consented to as to both form and substance," the appellant, "by his objections to the trial court's characterization of the [profit-sharing-retirement-trust] plan, did not explicitly and unmistakably give his consent to that portion of the divorce decree and did not waive his right of appeal"). He does not argue that the judgment erroneously states the existence of an agreement when none existed or that he did not agree to the terms of the judgment. In fact, he makes no argument at all about whether the Agreed Final Judgment was an agreed judgment. Nor does he argue that the county court did not have jurisdiction to render the

Agreed Final Judgment. *See Pillitteri*, 165 S.W.3d at 718. Instead, he appears to complain about the dismissal of a federal lawsuit he filed against Woodstock and whether the dismissal was proper under federal rules of civil procedure. Accordingly, he has waived his issues on appeal. *See Pillitteri*, 165 S.W.3d at 718; *see also Sonat Explorat. Co. v. Cudd Pressure Control, Inc.*, 271 S.W.3d 228, 236 (Tex. 2008) ("[A]n appellate court cannot reverse on a ground an appellant has never raised.").

## CONCLUSION

Having held that Reedom waived his issues on appeal, we affirm the county court's Agreed Final Judgment.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered: August 26, 2019

5