**COMMERCIAL STANDARD INSURANCE CO., Appellant,**

v.

**Keneth BIRCHFIEL, d/b/a Birchfiel Steel Erection, Appellee.**

**No. 7401.**

Court of Civil Appeals of Texas.

Amarillo.

Oct. 12, 1964.

Culton, Morgan, Britain & White, Amarillo, for appellant.

Robinson & Fotheringham, Amarillo, for appellee.

CHAPMAN, Justice.

The subject matter of this suit constitutes an action tried to the court upon an insurance policy issued by Commercial Standard Insurance Company insuring steel erection equipment belonging to Kenneth Birchfiel d/b/a Birchfiel Steel Erection against direct loss or damage resulting from any external cause. Judgment was rendered by the court below for appellee Birchfiel. Appeal is perfected to us upon three points, the first of which is that appellee failed

to raise an issue of loss under the terms of the policy.

The policy provides for coverage against direct loss or damage resulting from any external cause except thirteen exclusions included therein. Among those exclusions is No. 7 providing:

"Wear, tear and gradual deterioration; breakage and/or rust, *unless the same be the direct result of* fire, lightning, explosion, cyclone, tornado, *windstorm,* flood, earthquake, collision, derailment or overturn of conveyance, malicious damage or aircraft damage;" (Emphasis added).

Appellee contends, he made proof of damage under the windstorm exception to exclusion No. 7. There are only eleven pages in the Statement of Facts and we have read it carefully to try to find where appellee established his cause of action. We believe he wholly failed to do so.

He proved the policy was in force on March 12, 1963, and that a broken boom on a crane was called to the attention of the insurance company through its agent. The only other evidence as to what happened on the named date was given by appellee himself, and he was not in Lubbock where the crane was located on that date. He testified when he returned to Lubbock [and he did not even say what day that was] that the crane was bent and lying on the ground where the work was being done. He also testified he checked with the weather bureau to find what the weather was on March 12; that the insurance agent called for that information.

The records of the weather bureau introduced into evidence show the wind on March 12, 1963, ran gusts from 29 to 35 m. p. h., the 35 mile gusts being at 4:00 p. m.

There is not anything whatever in the record to show when the crane boom was injured, whether morning or night, or how it was injured. There is not any testimony whatever showing the wind had anything to do with the injury, other than the weather bureau records introduced.

Mr. Birchfiel was asked, "What happened on March 12, 1963?" An objection was urged and sustained because he was not in Lubbock on that date. He was then asked what he found when he got there and he replied: "Practically what they had told me." What (they) had told him was never proved.

■■ It is academic, and requires no citation of authority, for us to say that one seeking to recover damage under the terms of the subject insurance policy must prove direct loss from an external cause because those are conditions precedent to recover under the terms of the policy. This, appellant wholly failed to do. We have studied the record carefully and we find no evidence whatever by which we can conclude how the boom was injured or at what day or hour.

■ It is urged by appellant that we must render judgment rather than reverse the case, there being no evidence to show the right to recover under the terms of the policy. The contention is without merit.

Chief Justice Calvert of our Supreme Court has textually stated that:

"* * * once a 'no evidence' point is sustained, a Court of Civil Appeals has broad powers, and should exercise them, to remand for retrial rather than render judgment when the evidence has not been fully developed and it appears that a retrial will better serve the interests of justice." "No Evidence" and "Insufficient Evidence" Points of Error. Sec. 1, Action By Court, pp. 369, Vol. 4, 1960 Texas Law Review.

The evidence clearly was not fully developed and it appears to us that a retrial will better serve the interests of justice. Dunn v. Taylor, 102 Tex. 80, 113 S.W. 265; Lanford v. Smith, 128 Tex. 373, 99 S.W.2d 593; Jackson v. Hall, 147 Tex.

245, 214 S.W.2d 458; Amarillo Coca-Cola Bottling Co. v. Price, Tex.Civ.App., 378 S.W.2d 409 (N.W.H.).

Accordingly, the judgment of the trial court is reversed and remanded for a new trial.