**W. T. BAIN, Individually and on behalf of wife, Mrs. W. T. Bain, Appellants,**

**v.**

**The CITY OF TEMPLE, Appellee.**

**No. 11601.**

Court of Civil Appeals of Texas.

Austin.

May 1, 1968.

Rehearing Denied May 8, 1968.

James R. Lindley, Killeen, for appellants.

Davis Bragg, Killeen, for appellee.

PHILLIPS, Chief Justice.

This case originated in the trial court as a suit for damages to certain real property brought by W. T. Bain and others against the City of Temple. Bain et al. secured a jury verdict for $7,500 and judgment thereon was entered on August 30, 1967. Thereafter, the City filed its motion for new trial on September 8, 1967 and the trial court granted this motion for new trial on November 3, 1967.

Both parties to this lawsuit are appellees here. Appellees Bain et al. assigned error to the court for granting a new trial on November 3, because the date was eleven days past the forty-five day period from the date of the filing of the motion and that as the motion had already been overruled by operation of law, the trial court had no authority to grant same.

We sustain this point and cite Tex.R. Civ.P. 329b, section 3, which states that all motions and amended motions for new trial must be determined within not exceeding forty-five (45) days after the original or amended motion is filed. The rule then cites certain exceptions not applicable here.

The City is an appellant here also on four points of error, the first two, briefed together, are that the verdict is not supported by the evidence, because there is no evidence of the market value of Bain's land either before or after the alleged damage by the City except the sworn testimony of Bain himself that he was offered, after such damage, on three occasions at least, $8,000 more than he pleaded his land was worth immediately before such alleged

damages, and that such offers were not conditioned upon correction of any drainage problems allegedly caused by defendant; that the verdict is contrary to the evidence, because there is no evidence of the market value of Bain's land either before or after the alleged damage by defendant except the sworn testimony of Bain himself that he was offered, after such damage, on three occasions at least $8,000 more than he pleaded his land to be worth immediately before such alleged damages, and that such offers were not conditioned upon correction of any drainage problems allegedly caused by the City.

We sustain the City's no evidence points with respect to market value. Inasmuch as the case has not been fully developed we reverse and remand it. Commercial Standard Insurance Co. v. Birchfiel, 383 S.W.2d 77 (Tex.Civ.App. Amarillo, 1964, no writ).

However, we overrule the City's assignment relative to offers to purchase the property made to the plaintiff below. These are inadmissible and cannot be used to determine value. Hanks v. Gulf, Colorado & Santa Fe Railway Co., 159 Tex. 311, 320 S.W.2d 333 (1959).

Bain alleged that the reasonable market value of his property was $32,000 and that due to the fact that water overflowed it, the property was damaged leaving a reasonable cash value of $12,600. The testimony of Bain himself in an attempt to substantiate these figures was vague and inconclusive, as was the testimony of the single other witness presented who could in any way be classified as a value witness.

In this connection, the City's third point of error is that the verdict was not supported by the evidence because Bain's witness as to value testified that he was not an expert on value and we must agree that his qualifications in this respect were extremely doubtful. He was a surveyor, had worked with property in the vicinity for a number of years and testified what he believed lots in the vicinity, and lots carved out of the Bain's property, would be worth. He also testified that there was damage to Bain's property. He testified that Bain's lots were worth less due to the damage (as did Bain); however, the question as to how much less is still unanswered.

In view of the disposition we have made here, we find it unnecessary to discuss the City's fourth point of error that the verdict is contrary to the evidence with respect to testimony of Bain's value witness.

The judgment of the trial court is reversed and the cause remanded for trial.

Reversed and remanded.