Mrs. Jo Hagan MERCER et vir, Appellants,

v.

Calvin M. BAND et ux., Appellees.

No. 311.

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 1, 1970.

Rehearing Denied May 13, 1970.

Howell Stone, Talbert, Giessel, Barnett & Stone, Houston, for appellants.

David Burrow, Helm, Jones & Pletcher, Houston, for appellees.

SAM D. JOHNSON, Justice.

Automobile collision case.

On August 26, 1966, an intersectional collision occurred in Richmond, Texas, between a car driven by Mrs. Jo Hagan Mercer and one driven by Calvin M. Band, with his wife, Madeline M. Band, riding as a passenger. Suit for damages was filed jointly by Mr. and Mrs. Band, appellees here, against Jo Hagan Mercer and her husband, defendants below and appellants here.

Trial was to a jury on June 10 through 13, 1968. In response to special issues the jury found primary negligence on the part of Jo Hagan Mercer, the defendant, and specific sums of damages to each of the two plaintiffs. The jury found contributory negligence, however, on the part of Calvin M. Band, the driver plaintiff.

No issues of negligence on the part of Madeline M. Band were submitted.

It was not until June 20, 1969, approximately one year after the jury trial, that judgment was entered. The judgment provided that Calvin M. Band recover nothing but that Madeline M. Band recover $3,255.-08 plus her costs. The sum specified to Madeline M. Band was the total of the amounts found by the jury as her damages for past and future physical pain and mental anguish and for past medical expenses. On June 27, 1969, defendants filed their original motion for new trial.

On July 14, 1969, defendants filed what is captioned an "Amended Motion for New Trial." This motion will sometimes hereafter be referred to as the "second motion." The second motion begins by reciting:

"COMES NOW Defendants, MRS. JO HAGAN MERCER and her husband, EDWARD MERCER, and within twenty days of the filing of their Original Motion for New Trial, file this their Amended Motion for New Trial and as ground therefor would show until this Honorable Court the following:"

After such introductory statement the second motion was divided into two parts. The first complained of the error committed by the trial court in overruling defendants' motion for judgment on the verdict. The second complained of the trial court's action in sustaining plaintiffs' motion for judgment. Concluding this instrument was the following prayer:

"WHEREFORE, premises considered, Defendants pray that the Court set aside its judgment granting Plaintiff's Motion for Judgment, that it grant Defendants' Motion for Judgment, and that Plaintiffs, both CALVIN M. BAND and wife MADELINE BAND take nothing by reason of their suit and Defendants be discharged with their costs and for such other and further relief to which

they may show themselves justly entitled."

It is to be noted that the prayer neither requests a new trial nor asks that the original motion for new trial be withdrawn. The prayer merely asks judgment in favor of the defendants.

On July 28, 1969, defendants' appeal bond was filed. Thereafter the trial court set a date for hearing defendants' second motion and, on August 8, 1969, such hearing was held. Following such hearing the court ordered a new trial and made a docket entry that such new trial was ordered as of that date. The court's formal new trial order, however, reflecting that a new trial was ordered on August 8, 1969, was not signed and entered until August 14, 1969. It is therefore to be noted at this juncture that the court's announcement and docket sheet entry was made within 45 days (on the 42nd day) of the filing of the original motion for new trial, but that the court's formal new trial order was not signed and entered until August 14, 1969, or 48 days after the date of the filing of the original motion for new trial.

Appellant contends that his second motion effectively abandoned the original motion for new trial. Thus, reasons the appellant, the second motion asking that the trial court vacate its prior judgment and enter a different judgment was the only motion before the court on August 8, 1969. This contention must be overruled.

■ In order to determine the effect of defendants' second motion it is necessary to determine the nature of the instrument. In so doing this Court will look to its substance rather than its form. Buckholts State Bank v. Thallman, Tex.Civ.App., 196 S.W. 687, no writ hist.; Squyres v. Rasmussen, Tex.Civ.App., 296 S.W. 977, no writ hist.; Smith v. Kraft, Tex.Civ.App., 9 S.W.2d 472, no writ hist.

■ A motion's substance is not to be determined by its caption or by its intro-

duction. A motion's substance is to be gleaned from the body of the instrument and its prayer for relief. It is clear that the defendants' second motion, which contains no more than the two complaints referred to and concludes with the quoted prayer, is merely a motion urging the trial court to vacate its original judgment and enter judgment for the defendants.

For a new trial motion to have efficacy as such, it must, by the very nature of such an instrument, seek to have an existing judgment set aside and request a relitigation of the issues. An instrument nominally filed under the rules applicable to new trials (Rules 320, 329, Texas Rules of Civil Procedure) must comply with these minimum requirements or it is something other than a motion for new trial. In the instant case even if the defendants' second motion had been wholly granted it would not result in a new trial.

As defendants' second motion did not seek to set aside the existing judgment for the purpose of having a relitigation of the issues, it is not a request for a new trial. It therefore had no effect upon the original motion for new trial or the timetable applicable thereto. As a result the court had two motions before it on August 8, 1969, these being (1) defendants' original motion for new trial and (2) defendants' motion that the court vacate its original judgment and enter judgment for them.

We next consider the effect of the trial court's action on August 8, 1969, recalling that the trial court's judgment or order was not signed and entered until August 14, 1969. "In determining the periods within which the various steps of an appeal must be taken, the date of rendition of a judgment or order shall be deemed to be the date upon which the written draft thereof was signed by the trial judge as stated therein." Rule 306a; see Ex Parte Godeke, 163 Tex. 387, 355 S.W. 2d 701, (Tex.Sup.1962). The trial court's action on August 8, 1969, therefore, had no effect on the timetable applicable to the motion for new trial, because the court did not sign or enter any order or judgment on such date.

The next date of significance is August 11, 1969, the 45th day following the filing of defendants' motion for new trial. As we have stated, nothing that happened prior to this date had any effect on the timetable applicable to such original motion for new trial. Defendants' original motion for new trial was therefore overruled by operation of law at the conclusion of such 45th day. Three days later, however, on August 14, 1969, the trial court entered its order granting defendants' motion for new trial.

The isolated jurisdictional question is therefore presented: did the trial court have jurisdiction to grant a new trial after defendants' motion for new trial had been overruled by operation of law? We believe it to be clear that the trial court may grant a new trial within 30 days of the date that a motion for new trial is overruled by operation of law. "The trial court had jurisdiction to set aside the judgment *during the thirty-day period* following the date upon which the amended *motion for a new trial was overruled by operation of law,* and its order granting a new trial * * * had the legal effect of setting aside the judgment theretofore entered * * *." (Emphasis added.) Herrera v. Talbert, Tex.Civ.App., 316 S.W.2d 952, no writ hist.; Dallas Storage & Warehouse Co. v. Taylor, 124 Tex. 315, 77 S.W.2d 1031, (Tex.Sup.1934); Turner v. Texas Sportservice, Inc., Tex.Civ.App., 312 S.W.2d 388, writ ref., n. r. e. Such rule is not to be confused with that set forth in Fulton v. Finch, 162 Tex. 351, 346 S.W.2d 823, (Tex.Sup.1961), where the trial court entered an order *granting* a motion for new trial which was entered within the 45 day period applicable thereto. A subsequent order of the court made *after* the expiration of the 45 days was held to be ineffective to rescind the original order granting said motion. The Court

stated, "* * * Here, the amended motion was determined within 45 days. It cannot be *un*determined after the 45-day period without destroying the rule * * * An order granting a motion for new trial must be set aside, if at all, within the 45-day period set out in Rule 329–b, Sec. 3." Compare also Bain v. City of Temple, Tex.Civ.App., 428 S.W.2d 823, writ ref., n. r. e., which is factually close to the instant case but an instance where the cause was remanded for new trial because it had not been fully developed factually.

We are of the opinion that the defendant's original motion for new trial was overruled by operation of law on August 11, 1969. We are further of the opinion that the court had jurisdiction, within 30 days thereafter, to grant a new trial. An order granting a motion for new trial is not appealable. B. F. Walker, Inc. v. Chaney, Tex.Civ.App., 446 S.W.2d 896, writ ref., n. r. e.; Brown v. American Finance Co., Tex.Civ.App., 432 S.W.2d 564, writ ref., n. r. e.

We have no jurisdiction of this appeal; it is dismissed.