NO. 07-04-0316-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



OCTOBER 29, 2004



______________________________




BRANDON R. MONDINE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-404,348; HONORABLE CECIL G. PURYEAR, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION 


 Appellant Brandon R. Mondine appeals his conviction for possession of a controlled
substance with intent to deliver. He filed a timely pro se notice of appeal and "Pauper's
Oath for Appeal" with the trial court on June 4, 2004. After appellant filed his notice of
appeal, the trial court ordered that the record for appeal be prepared and filed at no cost
to appellant. In a letter received by the clerk of this court appellant states that he has no
funds to hire an attorney and requests assistance in obtaining appointment of counsel on
appeal. 

 Appellant pled guilty in accordance with a plea bargain and confessed to the
accusations in the indictment. Upon determining that his plea was knowing and voluntary,
the trial court found him guilty of the offense and assessed punishment within the range
recommended by the prosecutor. As part of the bargain, appellant also waived his right to
appeal.

 Rule 25.2 of the Texas Rules of Appellate Procedure requires the trial court to certify
whether or not the appellant has the right to appeal. In a plea bargain case in which the
defendant's plea is guilty or nolo contendere and the punishment does not exceed the
punishment recommended by the prosecutor and agreed to by the defendant, a defendant
may appeal only those matters that were raised by written motion filed and ruled on before
trial, or after getting the trial court's permission to appeal. Tex. Code Crim. Proc. Ann. art.
44.02 (Vernon 1979); Tex. R. App. P. 25.2 (a)(2). The record does not indicate any pretrial
motions were filed or ruled on before the final hearing. Neither does it contain permission
from the trial court to appeal. (1) 


 If the record does not contain the certification required by Rule 25.2, that the
defendant has a right to appeal, the appeal must be dismissed. Tex. R. App. P. 25.2(d).
Here the trial court certified that the defendant has no right of appeal and that the
defendant has waived the right of appeal. (2) 

 Because appellant has no right of appeal to this court, we do not consider
appellant's request for appointment of counsel on appeal. Tex. Code Crim. Proc. Ann. art.
1051(d) (Vernon Supp. 2004-05). Accordingly, the appeal is dismissed pursuant to Texas
Rule of Appellate Procedure 25.2(d).


 James T. Campbell

 Justice



Do not publish. 

1. - 
 
 
 
 
 
2. ' 
 
 " 
 " 


ster Cheryl Holland appeared at the hearing. The court allowed
Holland to speak and she briefly made a counter argument to the relief the Macranders
sought. At the conclusion of the hearing, the court pronounced judgment terminating
appellant's parental rights and granting Mr. Macrander's adoption of S.A.P. A judgment
to this effect was signed January 11, 2006. 

 By letter filed January 31, 2006, appellant contacted the trial court under the
heading "REQUEST FOR APPEAL." (1) In the document, appellant complained of not having
court-appointed counsel or an order allowing his presence at the hearing. The document
concluded with the request that "the COURT will accept this letter as a NOTICE as a
REQUEST for APPEAL." The trial court, and this court, have treated the letter as
appellant's notice of appeal.

 Appellant presents three issues on appeal. By his first issue appellant asserts:

 APPELLANT; Gary D. Phelps, was not advised adequately, in order to obtain
a bench warrant to appear from state Jail on Jan 11, 2006, trail (sic) hearing,
to not be found in DEFAULT. From Ms. Hamilton (2) 


 The Macranders' brief addresses the issue as a question of notice under Texas Rule
of Civil Procedure 245. We also interpret the issue as a claim that appellant did not
receive proper notice of trial. 

 Having reviewed the record presented on appeal, however, we find that appellant
did not present his complaint about notice to the trial court, and that the rules governing
our consideration of appeals prevent us from considering it. (3) See Tex. R. App. P. 33.1(a).

 Generally, to complain of error by the trial court on appeal a party must bring the
asserted error to the trial court's attention in time for it to correct the error. Lewis v. Texas
Employers' Ins. Ass'n, 246 S.W.2d 599, 600 (Tex. 1952). Texas Rule of Appellate
Procedure 33.1 controls our consideration of whether appellant preserved error. In
relevant part the rule provides:

 (a) In General. -As a prerequisite to presenting a complaint for appellate
review, the record must show that:
(1) the complaint was made to the trial court by a timely request, objection,
or motion that:


 (A) stated the grounds for the ruling that the complaining party
sought from the trial court with sufficient specificity to make the
trial court aware of the complaint, unless the specific grounds
were apparent from the context; and


 (B) complied with the requirements of the Texas Rules of Civil
or Criminal Evidence or the Texas Rules of Civil or Appellate
Procedure; and


 (2) the trial court:


 (A) ruled on the request, objection, or motion, either expressly
or implicitly; or


 (B) refused to rule on the request, objection, or motion, and the
complaining party objected to the refusal.


Because appellant challenged the trial court's judgment by direct appeal, under the facts
presented his appropriate means for bringing his first issue to the attention of the trial court
was by a timely filed motion for new trial. See Tex. R. Civ. P. 324(a)(b)(1) (motion for new
trial required on complaint requiring presentation of evidence); Tex. R. App. P.
33.1(a)(1)(B) (error must be presented by a means complying with Texas procedural and
evidentiary rules). 

 We have considered whether appellant's January 31, 2006, "Request for Appeal"
properly could be considered a motion for new trial. As noted, the document was treated,
by the trial court and by this court, as a notice of appeal. It contains substantially more
material than is required for an effective notice of appeal. Considering its substance and
the relief it requests, however, we conclude that it cannot reasonably be considered a
motion for new trial. (4) More importantly, even if it were treated as a motion for new trial, it
does not clearly present the complaint of inadequate notice. The contention appellant
presents in his first issue was not preserved for review as the rules we must follow require. (5)
We overrule his first issue. (6) 

 We will address appellant's second and third issues together. By his second issue,
he contends the Macranders intentionally failed to keep him advised of their address and
took actions to hide S.A.P. from him. He argues they effectively kidnapped the child. 
Appellant's third issue contends the Macranders defamed him by information presented
at trial. 

 In the context of this appeal, we construe appellant's second and third issues to
present contentions rebutting or explaining the evidence the Macranders presented at trial
to support the three grounds they alleged for termination of his parental rights, and their
allegation that termination was in the best interest of S.A.P. (7) At trial, Amy Macrander
testified that she was the sole managing conservator of S.A.P. and appellant's access to
the child was conditioned on his monthly drug and alcohol testing. As noted, appellant's
sister Cheryl Holland appeared at trial. Holland averred that "millions of times" appellees
did not allow appellant and his mother visitation with S.A.P. Despite Holland's hyperbolic
number, the reference appears to be to one visit as Amy Macrander replied that she did
not allow the visit because appellant came to her apartment, in violation of a criminal
trespassing notice, and had not participated in required drug testing for the month. 

 Kidnapping is a criminal offense defined by the Texas Penal Code. Tex. Penal
Code Ann. § 20.03(a) (Vernon 2003). The record contains no evidence that the
Macranders engaged in conduct prohibited by the penal laws. Amy Macrander's testimony
that she was S.A.P.'s sole managing conservator with authority to curtail S.A.P.'s
supervised visits with appellant based on the outcome of appellant's drug and alcohol
testing was not controverted by Holland's statements. 

 Appellant's argument in support of his defamation contention does not present a
basis for reversal of the court's termination order. At the hearing on the Macranders'
petition, it was the role of the trial court to judge the credibility of the witnesses and the
weight to be given their testimony. See In re W.R.E., 167 S.W.3d 636, 643
(Tex.App.-Dallas 2005, pet. denied) (termination case).

 To the extent the evidence appellant discusses with respect to his second and third
issues was presented to the trial court, it does not render the evidence supporting the
grounds for termination of his parental rights insufficient, legally or factually. See In re
J.F.C, 96 S.W.3d 256, 266-267 (Tex. 2002) (setting forth legal and factual standards of
review in termination of parental rights cases). 

 Appellant's second and third issues are overruled. Having overruled appellant's
three issues, we affirm the judgment of the trial court. 




 
James T. Campbell

 Justice



 

1. Unless otherwise noted, throughout this opinion emphasis and capitalization
contained in quotations so appear in the original.
2. The Macranders are represented by attorney Laura D. Hamilton.
3. The Texas Supreme Court recently addressed the application of our state's error
preservation rules in parental rights termination cases, noting that in such a case "adhering
to our preservation rules isn't a mere technical nicety; the interests at stake are too
important to relax rules that serve a critical purpose." In re L.M.I., 119 S.W.3d 707, 708
(Tex. 2003) cert. denied, 541 U.S. 1043 (2004). "[A]llowing appellate review of
unpreserved error would undermine the Legislature's intent that cases terminating parental
rights be expeditiously resolved, thus promoting the child's interest in a final decision and
thus placement in a safe and stable home." Id. at 711 (internal quotation marks and
citations omitted). 
4. It is the substance of a motion that determines its nature and not its caption. 
Mercer v. Band, 454 S.W.2d 833, 835 (Tex. Civ. App.-Houston [14th Dist.] 1970, no writ). 
The substance is determined from the body of the instrument and its prayer for relief. Id. 
Reduced to its basic elements, a motion for new trial must ask the court to both set aside
an existing judgment and relitigate the issues. Id. An instrument that does not comply with
these basic requirements is not a motion for new trial. Id.
5. The rules of procedure must be observed by litigants acting pro se as well as those
represented by counsel. Holt v. F.F. Enterprises, 990 S.W.2d 756, 759 (Tex.App.-Amarillo
1998, pet. denied).
6. We intimate no opinion on the merits of appellant's first issue. We note, however,
that his discussion of the issue in his brief suggests that appellant mistakenly believes he
was entitled to 45 days notice of the re-scheduled trial date. Texas Rule of Civil Procedure
245 requires 45 days notice only of the first setting for trial of a contested case, and
provides that the case may be reset for trial at a later date on reasonable notice. We note
also that appellant does not expressly deny that he received the November 9, 2005,
certified mail notice of the first trial setting, as the Macranders' counsel represented to the
trial court. We remind the parties, however, of the importance of strict adherence to Texas
Rule of Civil Procedure 21a. See Mathis v. Lockwood, 166 S.W.3d 743, 745 (Tex. 2005).
7. The termination grounds alleged, and found by the court, were that appellant (1)
voluntarily left the child alone or in the possession of another not the parent without
expressing an intent to return, without providing for the adequate support of the child, and
remained away for a period of at least three months; (2) voluntarily left the child alone or
in the possession of another without providing adequate support of the child and remained
away for a period of at least six months; and (3) failed to support the child in accordance
with the parent's ability during a period of one year ending within six months of the date of
the filing of the petition. See Tex. Fam. Code Ann. § 161.001(1)(B), (C), (F) (Vernon
2002).