NO. 07-06-0045-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 14, 2007


 ______________________________



IN THE INTEREST OF S.A.P., A CHILD


________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 71,110-D; HONORABLE DON EMERSON, JUDGE


_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Appellant Gary D. Phelps, appearing pro se, appeals a judgment terminating his
rights as a parent of S.A.P. and granting her adoption by Jamie Macrander, the husband
of S.A.P.'s mother Amy Macrander. We will affirm. 

 S.A.P. was born during February 2000 to the marriage of Phelps and appellee Amy
Macrander. In 2001, the marriage ended in divorce and Amy subsequently married
appellee Jamie Macrander. 

 In August 2005, the Macranders filed a petition for termination of appellant's
parental rights and adoption of S.A.P. by Mr. Macrander. Appellant was served with the
pleading while incarcerated in the Potter County jail. In October 2005, he answered the
suit by general denial listing his address as an apartment in Amarillo. The clerk's record
also contains an envelope addressed to the court with a return address for appellant at a
state jail in Plainview, Texas. 

 By letter of November 9, 2005, to the trial court, the legal assistant for the
Macranders' attorney confirmed a final hearing in the case was "set for January 10, 2005
(sic)." The letter did not specify a time for commencement of the hearing but indicated a
copy was sent by certified mail to appellant at an unspecified address. On January 5,
2006, appellant filed a "Pro Bono Pauper's Oath" requesting appointed counsel because
of indigency. In the document, appellant also stated he was incarcerated. 

 The following day, January 6, 2006, appellant filed another request for appointed
counsel, a statement of indigency, and a document denominated "Affidavit of Statement"
containing allegations of fact supporting his denial of the Macranders' petition and
supporting his request for court-appointed counsel. By letter addressed to the trial court
dated January 6, 2006, the legal assistant for the Macranders' attorney "confirm[ed] that
the final hearing [in the case] has been rescheduled for January 11, 2006, at 9:30 a.m." 
According to the document, a copy was sent to appellant at an unspecified address by an
unspecified delivery method. 

 On January 9, 2006, appellant filed an "Affidavit of Statement Part Two" contending
the Macranders wrongfully secreted S.A.P. from his mother-whom he contended had
access rights-and such conduct amounted to kidnapping. 

 The trial court convened the hearing of the Macranders' petition on January 11,
2006. Noting the absence of appellant at the hearing, the court questioned the
Macranders' counsel concerning appellant's notice of the proceeding. Counsel responded
that appellant was given more than forty-five days notice of the first trial setting as well as
notice dated January 6, 2006, confirming the change of hearing dates from January 10,
2006, to January 11, 2006. Counsel said appellant "received [the November 9, 2005 letter]
on November 18th." The hearing proceeded.

 Appellant's sister Cheryl Holland appeared at the hearing. The court allowed
Holland to speak and she briefly made a counter argument to the relief the Macranders
sought. At the conclusion of the hearing, the court pronounced judgment terminating
appellant's parental rights and granting Mr. Macrander's adoption of S.A.P. A judgment
to this effect was signed January 11, 2006. 

 By letter filed January 31, 2006, appellant contacted the trial court under the
heading "REQUEST FOR APPEAL." (1) In the document, appellant complained of not having
court-appointed counsel or an order allowing his presence at the hearing. The document
concluded with the request that "the COURT will accept this letter as a NOTICE as a
REQUEST for APPEAL." The trial court, and this court, have treated the letter as
appellant's notice of appeal.

 Appellant presents three issues on appeal. By his first issue appellant asserts:

 APPELLANT; Gary D. Phelps, was not advised adequately, in order to obtain
a bench warrant to appear from state Jail on Jan 11, 2006, trail (sic) hearing,
to not be found in DEFAULT. From Ms. Hamilton (2) 


 The Macranders' brief addresses the issue as a question of notice under Texas Rule
of Civil Procedure 245. We also interpret the issue as a claim that appellant did not
receive proper notice of trial. 

 Having reviewed the record presented on appeal, however, we find that appellant
did not present his complaint about notice to the trial court, and that the rules governing
our consideration of appeals prevent us from considering it. (3) See Tex. R. App. P. 33.1(a).

 Generally, to complain of error by the trial court on appeal a party must bring the
asserted error to the trial court's attention in time for it to correct the error. Lewis v. Texas
Employers' Ins. Ass'n, 246 S.W.2d 599, 600 (Tex. 1952). Texas Rule of Appellate
Procedure 33.1 controls our consideration of whether appellant preserved error. In
relevant part the rule provides:

 (a) In General. -As a prerequisite to presenting a complaint for appellate
review, the record must show that:
(1) the complaint was made to the trial court by a timely request, objection,
or motion that:


 (A) stated the grounds for the ruling that the complaining party
sought from the trial court with sufficient specificity to make the
trial court aware of the complaint, unless the specific grounds
were apparent from the context; and


 (B) complied with the requirements of the Texas Rules of Civil
or Criminal Evidence or the Texas Rules of Civil or Appellate
Procedure; and


 (2) the trial court:


 (A) ruled on the request, objection, or motion, either expressly
or implicitly; or


 (B) refused to rule on the request, objection, or motion, and the
complaining party objected to the refusal.


Because appellant challenged the trial court's judgment by direct appeal, under the facts
presented his appropriate means for bringing his first issue to the attention of the trial court
was by a timely filed motion for new trial. See Tex. R. Civ. P. 324(a)(b)(1) (motion for new
trial required on complaint requiring presentation of evidence); Tex. R. App. P.
33.1(a)(1)(B) (error must be presented by a means complying with Texas procedural and
evidentiary rules). 

 We have considered whether appellant's January 31, 2006, "Request for Appeal"
properly could be considered a motion for new trial. As noted, the document was treated,
by the trial court and by this court, as a notice of appeal. It contains substantially more
material than is required for an effective notice of appeal. Considering its substance and
the relief it requests, however, we conclude that it cannot reasonably be considered a
motion for new trial. (4) More importantly, even if it were treated as a motion for new trial, it
does not clearly present the complaint of inadequate notice. The contention appellant
presents in his first issue was not preserved for review as the rules we must follow require. (5)
We overrule his first issue. (6) 

 We will address appellant's second and third issues together. By his second issue,
he contends the Macranders intentionally failed to keep him advised of their address and
took actions to hide S.A.P. from him. He argues they effectively kidnapped the child. 
Appellant's third issue contends the Macranders defamed him by information presented
at trial. 

 In the context of this appeal, we construe appellant's second and third issues to
present contentions rebutting or explaining the evidence the Macranders presented at trial
to support the three grounds they alleged for termination of his parental rights, and their
allegation that termination was in the best interest of S.A.P. (7) At trial, Amy Macrander
testified that she was the sole managing conservator of S.A.P. and appellant's access to
the child was conditioned on his monthly drug and alcohol testing. As noted, appellant's
sister Cheryl Holland appeared at trial. Holland averred that "millions of times" appellees
did not allow appellant and his mother visitation with S.A.P. Despite Holland's hyperbolic
number, the reference appears to be to one visit as Amy Macrander replied that she did
not allow the visit because appellant came to her apartment, in violation of a criminal
trespassing notice, and had not participated in required drug testing for the month. 

 Kidnapping is a criminal offense defined by the Texas Penal Code. Tex. Penal
Code Ann. § 20.03(a) (Vernon 2003). The record contains no evidence that the
Macranders engaged in conduct prohibited by the penal laws. Amy Macrander's testimony
that she was S.A.P.'s sole managing conservator with authority to curtail S.A.P.'s
supervised visits with appellant based on the outcome of appellant's drug and alcohol
testing was not controverted by Holland's statements. 

 Appellant's argument in support of his defamation contention does not present a
basis for reversal of the court's termination order. At the hearing on the Macranders'
petition, it was the role of the trial court to judge the credibility of the witnesses and the
weight to be given their testimony. See In re W.R.E., 167 S.W.3d 636, 643
(Tex.App.-Dallas 2005, pet. denied) (termination case).

 To the extent the evidence appellant discusses with respect to his second and third
issues was presented to the trial court, it does not render the evidence supporting the
grounds for termination of his parental rights insufficient, legally or factually. See In re
J.F.C, 96 S.W.3d 256, 266-267 (Tex. 2002) (setting forth legal and factual standards of
review in termination of parental rights cases). 

 Appellant's second and third issues are overruled. Having overruled appellant's
three issues, we affirm the judgment of the trial court. 




 
James T. Campbell

 Justice



 

1. Unless otherwise noted, throughout this opinion emphasis and capitalization
contained in quotations so appear in the original.
2. The Macranders are represented by attorney Laura D. Hamilton.
3. The Texas Supreme Court recently addressed the application of our state's error
preservation rules in parental rights termination cases, noting that in such a case "adhering
to our preservation rules isn't a mere technical nicety; the interests at stake are too
important to relax rules that serve a critical purpose." In re L.M.I., 119 S.W.3d 707, 708
(Tex. 2003) cert. denied, 541 U.S. 1043 (2004). "[A]llowing appellate review of
unpreserved error would undermine the Legislature's intent that cases terminating parental
rights be expeditiously resolved, thus promoting the child's interest in a final decision and
thus placement in a safe and stable home." Id. at 711 (internal quotation marks and
citations omitted). 
4. It is the substance of a motion that determines its nature and not its caption. 
Mercer v. Band, 454 S.W.2d 833, 835 (Tex. Civ. App.-Houston [14th Dist.] 1970, no writ). 
The substance is determined from the body of the instrument and its prayer for relief. Id. 
Reduced to its basic elements, a motion for new trial must ask the court to both set aside
an existing judgment and relitigate the issues. Id. An instrument that does not comply with
these basic requirements is not a motion for new trial. Id.
5. The rules of procedure must be observed by litigants acting pro se as well as those
represented by counsel. Holt v. F.F. Enterprises, 990 S.W.2d 756, 759 (Tex.App.-Amarillo
1998, pet. denied).
6. We intimate no opinion on the merits of appellant's first issue. We note, however,
that his discussion of the issue in his brief suggests that appellant mistakenly believes he
was entitled to 45 days notice of the re-scheduled trial date. Texas Rule of Civil Procedure
245 requires 45 days notice only of the first setting for trial of a contested case, and
provides that the case may be reset for trial at a later date on reasonable notice. We note
also that appellant does not expressly deny that he received the November 9, 2005,
certified mail notice of the first trial setting, as the Macranders' counsel represented to the
trial court. We remind the parties, however, of the importance of strict adherence to Texas
Rule of Civil Procedure 21a. See Mathis v. Lockwood, 166 S.W.3d 743, 745 (Tex. 2005).
7. The termination grounds alleged, and found by the court, were that appellant (1)
voluntarily left the child alone or in the possession of another not the parent without
expressing an intent to return, without providing for the adequate support of the child, and
remained away for a period of at least three months; (2) voluntarily left the child alone or
in the possession of another without providing adequate support of the child and remained
away for a period of at least six months; and (3) failed to support the child in accordance
with the parent's ability during a period of one year ending within six months of the date of
the filing of the petition. See Tex. Fam. Code Ann. § 161.001(1)(B), (C), (F) (Vernon
2002).



estified that his intention for ordering the breach of the apartment was to secure the
residence while they obtained either consent or a search warrant. Deferring to the trial
court's evaluation of credibility and demeanor, see Johnson, 68 S.W.3d at 652-53, we
conclude that this final factor weighs in favor of admissibility since the officer's stated
purpose was not simply to obtain consent, but was also to protect the officers and evidence
of the investigation. But see Grimaldo, No. 07-04-0246, 2006 WL 563027, at *4 (court
determined that officers had the intent to immediately enter home irrespective of their
ability to obtain a warrant). 

 However, we have not reviewed the Brick factors for the purpose of re-weighing the
evidence in order for this court to determine whether the State proved by clear and
convincing evidence that the taint of the illegality has dissipated prior to the consent. Were
we to make the determination that the State had failed to prove by a clear and convincing
standard that the consent was tainted by the illegal entry, we would impermissibly eliminate
the abuse of discretion standard of review afforded a trial court's decision on issues of
evidence admissibility. See Montanez, 195 S.W.3d at 108. Instead, we have reviewed
the record to determine whether the trial court abused its discretion by finding that the
State had proven by clear and convincing evidence that appellant had voluntarily given
consent. Having conducted an analysis under the Brick factors, we cannot say that the
trial court was outside the zone of reasonable disagreement in concluding that the State
met its burden to prove by a clear and convincing standard that the taint from the illegal
search had dissipated by the time consent was given. (2) Therefore, the trial court did not
abuse its discretion in overruling appellant's motion to suppress the evidence found as a
result of the unlawful entry into appellant's apartment. We overrule appellant's third issue.

Conclusion


 For the foregoing reasons, we affirm the trial court's judgment. 


 Mackey K. Hancock

 Justice



Quinn, C.J., dissenting.

Campbell, J., concurring. 





Publish. 


NO. 07-05-0393-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



DECEMBER 21, 2006


______________________________



BARBARA STONE, 
 


 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-407,187; HON. JIM BOB DARNELL, PRESIDING


_______________________________



DISSENT


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 I respectfully dissent from the majority's opinion to the extent it holds that appellant's
consent was voluntary and sufficiently attenuated from the illegal entry and detention. 
Simply put, there is no material distinction between the facts here and those in Grimaldo
v. State, No. 07-04-0245-CR, 2006 Tex. App. LEXIS 1824 (Tex. App.-Amarillo March 8,
2006, no pet. h.); thus, the decision in Grimaldo controls the outcome at bar. 

 The decision to enter without a valid warrant was made once it was determined that
the substance obtained from the house was contraband. That is, the officers "decided to
go ahead and make entry into the apartment, secure the persons inside, either until [they]
could obtain a search warrant or [they] could obtain consent to search from whoever was
in charge of the residence." So, the purpose of the officers was clear when they undertook
to unlawfully enter the home with guns drawn. They were intent on conducting a search,
one way or the other.

 Additionally, it is difficult to deny that police observation of the contraband arose
from the unlawful entry into and sweep of the location. Again, no warrant authorized the
entry or a search, the contraband they sought was not within plain view, and mere minutes
lapsed from the decision to undertake forced entry to the discovery of the cocaine. 

 Finally, while it may be that appellant was told of her right to refuse consent, one
can only wonder if her response evinced a legitimate choice. By that time, the officers had
already entered the home illegally with guns drawn, and seized all present without legal
justification. Nothing of record suggests that the officers would have left the premises or
momentarily released their detainees had consent been denied. The contrary would seem
true given the general intent to search one way or another. Nor can I discount the
undeniable affect on one's ability to think clearly of the unlawful presence of armed police
officers roaming throughout the home. 

 As previously stated, the circumstances here are materially indistinguishable from
those in Grimaldo. So, I conclude that appellant's motion to suppress should have been
granted.

 Brian Quinn 

 Chief Justice

Publish. 

 


NO. 07-05-0393-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



DECEMBER 21, 2006


 ______________________________



BARBARA STONE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2004-407187; HONORABLE JIM BOB DARNELL, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

CONCURRING OPINION


 I concur that the Court's opinion properly applies the Court of Criminal Appeals case
law that binds us, and so join in the Court's opinion, but I write to express my concern over
the adequacy of the Brick factors in cases like this one. Brick involved a consensual
search of a residence that followed an assertedly unlawful arrest made at another location. 
Brick v. State, 738 S.W.2d 676, 677 (Tex.Crim.App. 1987). The attenuation issue in Brown
v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), concerned an incriminating
statement given at the police station after an unlawful arrest. Here, like in Grimaldo, (3) the
relationship between the evidence the State introduced at trial and the unlawful police
conduct is much more direct. (4) Here, police received consent to search the same
apartment that, we have concluded, they had just forcibly and unlawfully entered. The
physical evidence the police found is the same evidence whose destruction they said they
sought to prevent by their sudden entry into the apartment. It seems to me that the Brick
factors are inadequate to evaluate fully whether denying the State the use of the evidence
obtained under such circumstances fits the purposes of the exclusionary rule. See, e.g.,
Brown, 422 U.S. at 609 (Powell, J., concurring) ("The point at which the taint can be said
to have dissipated should be related, in the absence of other controlling circumstances, to
the nature of that taint."). 


 James T. Campbell

 Justice



Publish.


1. The State contends that appellant did not preserve the attenuation argument at
trial because she only requested the trial court to find that her consent was not voluntary. 
However, careful review of appellant's trial brief (Defendant's Reply to State's Response
to Defendant's Brief in Support of Defendant's Motion to Suppress) demonstrates that
appellant contended that "[t]he totality of these circumstances strongly suggests that
[appellant]'s consent was obtained by exploitation of the illegal entry and sweep and,
therefore, was not voluntary." This language is similar to the language in Brick v. State,
738 S.W.2d 676, 678 (Tex.Crim.App. 1987). Therefore, we conclude, as did the Court of
Criminal Appeals in Brick, that appellant raised both issues of attenuation and
voluntariness at trial. Id. at 681. Therefore, appellant properly preserved both issues.
2. In Grimaldo, this court found evidence in five out of the six Brick factors favoring
suppression of the evidence. Evidence included testimony that the officers in Grimaldo
made the decision to enter the residence irrespective of whether they had the time or ability
to obtain a warrant, and that the decision to enter was made prior to appellant's suspicious
activity. See Grimaldo, 2006 WL 563027, at *4. The present case is significantly different
in that our analysis reveals only two of the six Brick factors favor suppression of the
evidence.
3. Grimaldo v. State, No. 07-04-0246-CR, 2006 WL 563027 (Tex.App.-Amarillo
March 8, 2006, no pet.)
4. In its supplemental brief, the State argues Reasor v. State, 12 S.W.3d 813
(Tex.Crim.App. 2000), provides a standard for analysis of the attenuation issue, noting that
it dealt with a consensual search following an unlawful protective sweep of the same
premises. Despite its "taint" language, it is not clear that the opinion in Reasor was
intended to address an attenuation issue, since it gives the issue the same "short shrift"
the court criticized in Brick. See Reasor, 12 S.W.3d at 819 ("[a]ny taint from the illegal
sweep was sufficiently attenuated when appellant voluntarily consented to the search of
his residence"); Brick, 738 S.W.2d at 678 (quoting similar language from court of appeals
opinion).