NO. 07-06-0045-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 14, 2007
_____

IN THE INTEREST OF S.A.P., A CHILD
_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 71,110-D; HONORABLE DON EMERSON, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Gary D. Phelps, appearing *pro se*, appeals a judgment terminating his rights as a parent of S.A.P. and granting her adoption by Jamie Macrander, the husband of S.A.P.'s mother Amy Macrander.  We will affirm.

S.A.P. was born during February 2000 to the marriage of Phelps and appellee Amy Macrander.  In 2001, the marriage ended in divorce and Amy subsequently married appellee Jamie Macrander.

In August 2005, the Macranders filed a petition for termination of appellant's parental rights and adoption of S.A.P. by Mr. Macrander.  Appellant was served with the

pleading while incarcerated in the Potter County jail. In October 2005, he answered the suit by general denial listing his address as an apartment in Amarillo. The clerk's record also contains an envelope addressed to the court with a return address for appellant at a state jail in Plainview, Texas.

By letter of November 9, 2005, to the trial court, the legal assistant for the Macranders' attorney confirmed a final hearing in the case was "set for January 10, 2005 (sic)." The letter did not specify a time for commencement of the hearing but indicated a copy was sent by certified mail to appellant at an unspecified address. On January 5, 2006, appellant filed a "Pro Bono Pauper's Oath" requesting appointed counsel because of indigency. In the document, appellant also stated he was incarcerated.

The following day, January 6, 2006, appellant filed another request for appointed counsel, a statement of indigency, and a document denominated "Affidavit of Statement" containing allegations of fact supporting his denial of the Macranders' petition and supporting his request for court-appointed counsel. By letter addressed to the trial court dated January 6, 2006, the legal assistant for the Macranders' attorney "confirm[ed] that the final hearing [in the case] has been rescheduled for January 11, 2006, at 9:30 a.m." According to the document, a copy was sent to appellant at an unspecified address by an unspecified delivery method.

On January 9, 2006, appellant filed an "Affidavit of Statement Part Two" contending the Macranders wrongfully secreted S.A.P. from his mother–whom he contended had access rights–and such conduct amounted to kidnapping.

The trial court convened the hearing of the Macranders' petition on January 11, 2006. Noting the absence of appellant at the hearing, the court questioned the Macranders' counsel concerning appellant's notice of the proceeding. Counsel responded that appellant was given more than forty-five days notice of the first trial setting as well as notice dated January 6, 2006, confirming the change of hearing dates from January 10, 2006, to January 11, 2006. Counsel said appellant "received [the November 9, 2005 letter] on November 18th." The hearing proceeded.

Appellant's sister Cheryl Holland appeared at the hearing. The court allowed Holland to speak and she briefly made a counter argument to the relief the Macranders sought. At the conclusion of the hearing, the court pronounced judgment terminating appellant's parental rights and granting Mr. Macrander's adoption of S.A.P. A judgment to this effect was signed January 11, 2006.

By letter filed January 31, 2006, appellant contacted the trial court under the heading "REQUEST FOR APPEAL."[1] In the document, appellant complained of not having court-appointed counsel or an order allowing his presence at the hearing. The document concluded with the request that "the COURT will accept this letter as a NOTICE as a REQUEST for APPEAL." The trial court, and this court, have treated the letter as appellant's notice of appeal.

Appellant presents three issues on appeal. By his first issue appellant asserts:

---

[1] Unless otherwise noted, throughout this opinion emphasis and capitalization contained in quotations so appear in the original.

<u>APPELLANT; Gary D. Phelps, was not advised adequately, in order to obtain a bench warrant to appear from state Jail on Jan 11, 2006, trail (sic) hearing, to not be found in DEFAULT.</u>  From Ms. Hamilton[2]

The Macranders' brief addresses the issue as a question of notice under Texas Rule of Civil Procedure 245.  We also interpret the issue as a claim that appellant did not receive proper notice of trial.

Having reviewed the record presented on appeal, however, we find that appellant did not present his complaint about notice to the trial court, and that the rules governing our consideration of appeals prevent us from considering it.[3]  *See* Tex. R. App. P. 33.1(a).

Generally, to complain of error by the trial court on appeal a party must bring the asserted error to the trial court's attention in time for it to correct the error.  *Lewis v. Texas Employers' Ins. Ass'n,* 246 S.W.2d 599, 600 (Tex. 1952).  Texas Rule of Appellate Procedure 33.1 controls our consideration of whether appellant preserved error.  In relevant part the rule provides:

> (a) In General. –As a prerequisite to presenting a complaint for appellate review, the record must show that:

---

[2] The Macranders are represented by attorney Laura D. Hamilton.

[3] The Texas Supreme Court recently addressed the application of our state's error preservation rules in parental rights termination cases, noting that in such a case "adhering to our preservation rules isn't a mere technical nicety; the interests at stake are too important to relax rules that serve a critical purpose." *In re L.M.I.,* 119 S.W.3d 707, 708 (Tex. 2003) *cert. denied,* 541 U.S. 1043 (2004).  "[A]llowing appellate review of unpreserved error would undermine the Legislature's intent that cases terminating parental rights be expeditiously resolved, thus promoting the child's interest in a final decision and thus placement in a safe and stable home." *Id.* at 711 (internal quotation marks and citations omitted).

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

    (A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and

    (B) complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and

(2) the trial court:

    (A) ruled on the request, objection, or motion, either expressly or implicitly; or

    (B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

Because appellant challenged the trial court's judgment by direct appeal, under the facts presented his appropriate means for bringing his first issue to the attention of the trial court was by a timely filed motion for new trial. *See* Tex. R. Civ. P. 324(a)(b)(1) (motion for new trial required on complaint requiring presentation of evidence); Tex. R. App. P. 33.1(a)(1)(B) (error must be presented by a means complying with Texas procedural and evidentiary rules).

We have considered whether appellant's January 31, 2006, "Request for Appeal" properly could be considered a motion for new trial. As noted, the document was treated, by the trial court and by this court, as a notice of appeal. It contains substantially more material than is required for an effective notice of appeal. Considering its substance and

5

the relief it requests, however, we conclude that it cannot reasonably be considered a motion for new trial.[4]  More importantly, even if it were treated as a motion for new trial, it does not clearly present the complaint of inadequate notice.  The contention appellant presents in his first issue was not preserved for review as the rules we must follow require.[5]  We overrule his first issue.[6]

We will address appellant's second and third issues together.  By his second issue, he contends the Macranders intentionally failed to keep him advised of their address and took actions to hide S.A.P. from him.  He argues they effectively kidnapped the child.  Appellant's third issue contends the Macranders defamed him by information presented at trial.

---

[4] It is the substance of a motion that determines its nature and not its caption. *Mercer v. Band,* 454 S.W.2d 833, 835 (Tex. Civ. App.–Houston [14th Dist.] 1970, no writ). The substance is determined from the body of the instrument and its prayer for relief.  *Id.* Reduced to its basic elements, a motion for new trial must ask the court to both set aside an existing judgment and relitigate the issues.  *Id.*  An instrument that does not comply with these basic requirements is not a motion for new trial.  *Id.*

[5] The rules of procedure must be observed by litigants acting *pro se* as well as those represented by counsel.  *Holt v. F.F. Enterprises*, 990 S.W.2d 756, 759 (Tex.App.–Amarillo 1998, pet. denied).

[6] We intimate no opinion on the merits of appellant's first issue.  We note, however, that his discussion of the issue in his brief suggests that appellant mistakenly believes he was entitled to 45 days notice of the re-scheduled trial date.  Texas Rule of Civil Procedure 245 requires 45 days notice only of the first setting for trial of a contested case, and provides that the case may be reset for trial at a later date on reasonable notice.  We note also that appellant does not expressly deny that he received the November 9, 2005, certified mail notice of the first trial setting, as the Macranders' counsel represented to the trial court.  We remind the parties, however, of the importance of strict adherence to Texas Rule of Civil Procedure 21a.  *See Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005).

6

In the context of this appeal, we construe appellant's second and third issues to present contentions rebutting or explaining the evidence the Macranders presented at trial to support the three grounds they alleged for termination of his parental rights, and their allegation that termination was in the best interest of S.A.P.[7]  At trial, Amy Macrander testified that she was the sole managing conservator of S.A.P. and appellant's access to the child was conditioned on his monthly drug and alcohol testing.  As noted, appellant's sister Cheryl Holland appeared at trial.  Holland averred that "millions of times" appellees did not allow appellant and his mother visitation with S.A.P.  Despite Holland's hyperbolic number, the reference appears to be to one visit as Amy Macrander replied that she did not allow the visit because appellant came to her apartment, in violation of a criminal trespassing notice, and had not participated in required drug testing for the month.

Kidnapping is a criminal offense defined by the Texas Penal Code.  Tex. Penal Code Ann. § 20.03(a) (Vernon 2003).  The record contains no evidence that the Macranders engaged in conduct prohibited by the penal laws. Amy Macrander's testimony that she was S.A.P.'s sole managing conservator with authority to curtail S.A.P.'s supervised visits with appellant based on the outcome of appellant's drug and alcohol testing was not controverted by Holland's statements.

---

[7] The termination grounds alleged, and found by the court, were that appellant (1) voluntarily left the child alone or in the possession of another not the parent without expressing an intent to return, without providing for the adequate support of the child, and remained away for a period of at least three months; (2) voluntarily left the child alone or in the possession of another without providing adequate support of the child and remained away for a period of at least six months; and (3) failed to support the child in accordance with the parent's ability during a period of one year ending within six months of the date of the filing of the petition.  *See* Tex. Fam. Code Ann. § 161.001(1)(B), (C), (F) (Vernon 2002).

Appellant's argument in support of his defamation contention does not present a basis for reversal of the court's termination order. At the hearing on the Macranders' petition, it was the role of the trial court to judge the credibility of the witnesses and the weight to be given their testimony. *See In re W.R.E.,* 167 S.W.3d 636, 643 (Tex.App.–Dallas 2005, pet. denied) (termination case).

To the extent the evidence appellant discusses with respect to his second and third issues was presented to the trial court, it does not render the evidence supporting the grounds for termination of his parental rights insufficient, legally or factually. *See In re J.F.C*, 96 S.W.3d 256, 266-267 (Tex. 2002) (setting forth legal and factual standards of review in termination of parental rights cases).

Appellant's second and third issues are overruled. Having overruled appellant's three issues, we affirm the judgment of the trial court.

James T. Campbell
Justice