NO. 07-07-0237-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 27, 2007
_____

LAURANCE KRIEGEL, APPELLANT

V.

JOHNNY ACTKINSON, DISTRICT ATTORNEY
PARMER AND BAILEY COUNTIES, APPELLEE
_____

FROM THE 287TH DISTRICT COURT OF PARMER COUNTY;

NO. 9451; HONORABLE GORDON H. GREEN, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Laurance Kriegel, appearing *pro se*,[1] attempts to appeal an adverse final summary

judgment.  Finding we are without jurisdiction, we will dismiss Kriegel's attempted appeal.

Background

On October 6, 2006, Kriegel filed his original petition against appellee Johnny

Actkinson, District Attorney of Parmer County, and the case was assigned cause number

_____

[1] Appellant also appeared *pro se* as plaintiff in the trial court.

9451. Following Actkinson's timely answer by general denial, Kriegel filed a traditional motion for summary judgment but attached no evidence. Subsequently, Actkinson filed a no-evidence motion for summary judgment on Kriegel's entire case.

The trial court heard the parties' motions for summary judgment on April 10, 2007, and signed an order on April 12, 2007, denying Kriegel's motion and granting Actkinson's motion. The order concluded "[a]ll relief not expressly granted herein is denied. This judgment disposes of all parties and all claims in this cause of action and is therefore a FINAL JUDGMENT." (Capitalization in original).

Kriegel filed a document on April 16, 2007, requesting an "extension of time of 30 days to respond to the Courts (sic) Order 'On Motions for Summary Judgment' entered on April 12, 2007." Kriegel made no additional filings until May 23, 2007, when he filed a "Motion to Reconsider" the order on summary judgment motions of April 12, 2007. On May 24, 2007, the trial court signed an order denying Kriegel's motion to reconsider. On June 8, 2007, Kriegel filed a notice of appeal challenging the court's order denying his motion to reconsider.

Kriegel filed a motion to recuse or disqualify the judge of the trial court on June 11, 2007, in cause number 9451. The trial court judge declined recusal and referred the matter to the presiding administrative judge, who denied Kriegel's motion by order signed June 26, 2007. On July 3, 2007, Kriegel filed a notice of appeal regarding the presiding administrative judge's decision on Kriegel's motion to recuse.

2

After examining the clerk's record and after obtaining a supplemental clerk's record, this Court notified Kriegel by letter of August 17, 2007, that appellate jurisdiction appeared lacking. Kriegel was afforded thirty days to present a response supporting appellate jurisdiction. He responded by submitting a copy of his July 3 notice of appeal and a copy of the index of the clerk's record.

## Discussion

To be timely, a notice of appeal must be filed within thirty days after the trial court signs a final judgment unless the complaining party files a designated post-trial motion within the same thirty-day period.[2] Tex. R. App. P. 26.1(a). If an appropriate post-trial motion is timely filed, a notice of appeal may be filed within ninety days of the date the judgment was signed. Tex. R. App. P. 26.1(a). If a notice of appeal is not timely filed, the jurisdiction of the appellate court is invoked only to the extent that the court may determine its lack of jurisdiction and dismiss the appeal. *See In re Simpson,* 932 S.W.2d 674, 679 (Tex.App.–Amarillo 1996, no writ); *Downs v. Trevathan,* 783 S.W.2d 689, 690 (Tex. App.–Houston [1st Dist.] 1989, orig. proceeding) (under former rule, court of appeals has no jurisdiction to accept a notice of appeal filed more than fifteen days after it is due); McDonald & Carlson, *Texas Civil Practice* Vol. 6 § 13.4 (2d ed. 1998) ("[i]f the right to appeal is not perfected by the deadline, then the appellate court has no jurisdiction over the appeal and can only dismiss it."). Any other action taken by a court without jurisdiction

---

[2] Motions extending the appellate timetable are a motion for new trial, a motion to modify the judgment, a motion to reinstate under Rule of Civil Procedure 165a, and a request for findings of fact and conclusions of law if required or properly considered by the appellate court. Tex. R. App. P. 26.1(a).

is a nullity.  *See In re Frost,* 815 S.W.2d 890, 892 (Tex.App.–Amarillo 1991, no writ) (when a court lacks jurisdiction, any action taken is void).  We will determine our jurisdiction over this appeal, on our own motion and in light of the facts we have recited.  *See Buffalo Royalty Corp. v. Enron Corp.,* 906 S.W.2d 275, 277 (Tex.App.–Amarillo 1995, no writ) (appellate court must address questions of jurisdiction, *sua sponte*).

The appellate timetable for Kriegel began running on April 12, 2007, when the court signed a final judgment disposing of "all parties and all claims."  *See Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001) (for purposes of appeal, a judgment is final when it disposes of all claims and  parties).  Because Kriegel's cause of action was disposed of in its entirety by a summary judgment, the due date for his notice of appeal was extended beyond May 14, 2007,[3] only if he timely filed a motion for new trial or to modify the judgment.  Tex. R. Civ. P. 329b; Tex. R. App. P. 26.1(a),(b).[4]   We find that he did not.

By his motion filed April 16, 2007, among other relief, Kriegel requested an additional thirty days to "respond" to the court's April 12, 2007, order.[5] Kriegel's motion did

---

[3] The date thirty days after April 12, 2007, which was May 12, fell on Saturday.  The time to file an appropriate document was therefore extended until Monday, May 14, 2007.  Tex. R. Civ. P. 4.

[4] This case does not involve either of the other two post-trial filings that extend the due date for a notice of appeal.  Tex. R. App. P. 26.1(a)(3) (motion to reinstate under Tex. R. Civ. P. 165a), 26.1(a)(4) (request for findings of fact and conclusions of law).

[5] The body of Kriegel's April 16, 2007 motion reads, in its entirety, as follows:

Motion for Extension of Time to respond to Judges Order
On Motions For Summary Judgment

Plaintiff requests a extension of time of 30 days to respond to the Courts

4

not ask the court to modify or set aside its judgment nor did he ask for another hearing relitigating the matters decided by the April 12, 2007, summary judgment.

A motion is judged by its substance and not its heading. *Austin Neighborhoods Coun. v. Bd. of Adjust.,* 644 S.W.2d 560, 565 (Tex.App.–Austin 1982, writ ref'd n.r.e.); *Mercer v. Band,* 454 S.W.2d 833, 835 (Tex.Civ.App.–Houston [14th Dist.] 1970, no writ). Substance is determined from the body of the instrument and its prayer for relief. *Mercer,* 454 S.W.2d at 835. In other words, the focus is on how the motion will affect the litigation if the relief requested is granted. *Austin Neighborhoods Coun.,* 644 S.W.2d at 565. Reduced to its basic elements, a motion for new trial must ask the court to both set aside an existing judgment and relitigate the issues. *Mercer,* 454 S.W.2d at 835; *accord, Finley v. J. C. Pace, Ltd.*, 4 S.W.3d 319, 320 (Tex.App.–Houston [1st Dist.] 1999, order on mot.). An instrument that does not comply with these basic requirements is not a motion for new trial. *Mercer,* 454 S.W.2d at 835. The document Kriegel filed on April 16, 2007, was not a motion for new trial or a motion to modify the judgment.

Assuming, *arguendo*, that the document Kriegel filed on May 23, 2007, was a motion for new trial, it was untimely and the trial court had no power to act on it. *See Lane*

---

Order "On Motions For Summary Judgment" entered on April 12, 2007.

Plaintiff is requesting the recording Secretary of Parmer County District Court to transcribe the hearing of April 10, 2007 on cause of action 9451.

Plaintiff, as of right provided by Judicial practice and procedure, requests the transcription to the Courts hearing on April 10, 2007 on cause of action 9451 to respond to the Order "On Motions For Summary Judgment". (Capitalization, punctuation and wording as in original).

*Bank Equip. Co. v. Smith S. Equip., Inc.,* 10 S.W.3d 308, 310 (Tex. 2000) (absent an appropriate post-trial motion, a trial court retains plenary jurisdiction to alter its judgment for thirty days after the date on which the judgment was signed).

Because Kriegel did not file a notice of appeal within thirty days of judgment[6] and did not file a timely post-trial motion extending the appellate timetable, we are without jurisdiction in his attempted direct appeal of the summary judgment of April 12, 2007.

Kriegel's second notice of appeal, filed following the denial of his request to recuse the trial judge, does not change our conclusion. Rule of Civil Procedure 18a provides that an order denying disqualification or recusal is reviewed for abuse of discretion on appeal from the final judgment. Tex. R. Civ. P. 18a(f). The rule makes no provision for appeal from an unsuccessful recusal proceeding brought after final judgment, and after expiration of the trial court's plenary power over its judgment. *See* Tex. R. Civ. P. 329b (delineating trial court's plenary power).

## Conclusion

Kriegel did not file a notice of appeal within thirty days of judgment nor did he file a timely post-trial motion capable of extending the appellate timetable. We are without jurisdiction to review Kriegel's attempted appeal. Accordingly, it is dismissed.

James T. Campbell
Justice

---

[6] A notice of appeal filed no later than fifteen days after the deadline for filing may be timely if the appellant complies with Rule of Appellate Procedure 26.3. *See Woodard v. Higgins,* 140 S.W.3d 462, 462 (Tex.App.–Amarillo, no pet.) (applying rule). This rule has no application here because Kriegel's notice was filed outside the fifteen-day period.